THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VINCENT BLACKMORE and DANYALE BLACKMORE,<br><br>Plaintiffs,<br><br>vs.<br><br>JARED CARLSON and ERIC DEMILLE, Hurricane City Police Officers; DEPUTY RAMIREZ and DOE DEPUTIES 1-4, Washington County Sheriff's Deputies; WASHINGTON COUNTY, by and through its Sheriff's Office; and HURRICANE CITY, by and through its Police Department,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO DOCKET TEXT ORDER**<br><br><br>Case No. 4:21-cv-00026-TS-PK<br><br><br>District Judge Ted Stewart<br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiffs' Objection to the Docket Text Order Denying Motion to Compel and Granting Motion for a Protective Order. For the reasons discussed below, the Court will overrule the objection.

## I. BACKGROUND

On April 28, 2022, Magistrate Judge Paul Kohler issued a Docket Text Order denying Plaintiffs' Motion to Compel In-Person Testimony of Defendant Jared Carlson ("Motion to Compel")[1] and granting Defendant Jared Carlson's Motion for Protective Order Regarding In-Person Deposition of Defendant Jared Carlson ("Motion for Protective Order").[2] The Order

---

[1] Docket No. 49.

[2] Docket No. 51.

directs that Carlson's deposition be taken remotely.[3] On May 6, 2022, Plaintiffs filed an

Objection to Docket Text Order Denying Motion to Compel and Granting Motion for Protective

Order ("Objection").[4]

## II.     DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure,

the Court reviews a magistrate judge's orders on nondispositive matters under a clearly

erroneous or contrary to law standard. In reviewing a magistrate judge's nondispositive order, a

district court must "modify or set aside any part of the order that is clearly erroneous or is

contrary to law."[5] "The clearly erroneous standard . . . requires that the reviewing court affirm

unless it on the entire evidence is left with the definite and firm conviction that a mistake has

been committed."[6]

The Court has carefully reviewed the Magistrate Judge's Order, Plaintiffs' objection, the

underlying briefing, and relevant statutes and case law. Having done so, the Court cannot

conclude that the Magistrate Judge's decision was clearly erroneous or contrary to law.

Federal Rule of Civil Procedure 30(b)(4) states broadly that the court "may on motion

order . . . that a deposition by taken by telephone or other remote means." Plaintiffs argue,

however, that Carlson should be ordered to participate in an in-person deposition because:

Carlson is a named defendant; Carlson left the country without notice to Defendants despite

knowing of the pending litigation; Carlson is "the key witness" in the underlying case;

---

[3] Docket No. 54.

[4] Docket No. 56.

[5] Fed. R. Civ. P. 72(a).

[6] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 354, 395 (1948) (internal quotation marks omitted).

significant technical or situational difficulties would arise in taking a remote deposition; and fair and reasonable alternatives are available to conduct an in-person deposition.[7] These arguments do not demonstrate that the order is clearly erroneous or contrary to law.

First, the alleged lack of notice given prior to Carlson's departure and Carlson's role in the litigation as both a party and "key" witness does not demonstrate the Magistrate Judge's Order is clearly erroneous or contrary to law. Facts such as these may be relevant to the underlying determination. However, the contours of discovery in a given case are "entrusted to the sound discretion of the trial court[] . . . ."[8] and Plaintiffs have not provided any legal authority supporting that these facts, as alleged, would *require* that Carlson be deposed in person.

Second, Plaintiffs' arguments regarding the downsides of remote depositions do not establish that the Order is clearly erroneous or contrary to law.  The challenges that Plaintiffs argue are presented by conducting a remote deposition of Carlson are problems that could occur in conducting any remote deposition, yet district courts have consistently found that remote depositions are presumptively valid.[9] Further, district courts have consistently upheld orders under Rule 30 for remote depositions, in spite of similar problems being presented.[10] Therefore,

---

[7] Docket No. 56 at 3–4.

[8] *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995).

[9] *See e.g., Usov v. Lazar*, No. 13 Civ. 818, 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015); *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 579 (S.D.N.Y. 2020); *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill. 2020); *Vargas v. Evergreen Pro. Recoveries Inc.*, No. 221CV00926RSLJRC, 2022 WL 856991, at *2 (W.D. Wash. Mar. 23, 2022); *H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. CV 19-1095 (JNE/BRT), 2020 WL 5512517, at *3 (D. Minn. Sept. 14, 2020).

[10] *See e.g., Usov*, 2015 WL 5052497, at *2 ("Although a party's ability to observe a deponent in person does have value, the inability to do so is a problem with any remote deposition, and remote depositions are a presumptively valid means of discovery.") (citation omitted); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *4

even though conducting a remote deposition may present some issues, this does not require a court to order the deposition to be conducted in person.

Finally, the fact that less burdensome options for an in-person deposition exist (e.g. meeting in Hawaii instead of flying from Palau to Utah) does not require the deposition to be conducted in person, where significant travel time and expense would still be required. The cost and time burdens imposed by travel to attend a deposition is relevant to a courts' determination regarding whether a remote deposition is appropriate.[11] Here, Plaintiffs admit that there would be tremendous cost and time associated with travel for a deposition.[12] The Order for remote deposition is therefore reasonable given the distance, travel time, and potential expense.

Based on the above analysis, the Court finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law and will overrule Plaintiffs' Objection.

---

(N.D. Ill. June 25, 2020) ("Technological problems can arise during in-person as well as remote depositions, but that is not a reason to prevent remote depositions from occurring."); *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602–603 (D. Kan. 2012) (noting "the commonplace usage and advances in videoconferencing capabilities" and finding remote depositions can better accomplish the "just, speedy, and inexpensive" resolution of some claims).

[11] *See Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996); *Usov*, 2015 WL 5052497, at *2 (noting prejudice of conducting deposition by videoconference is negligible compared to the significant travel expense and time connected to travel for distant deposition).

[12] Docket No. 49 at 3.

### III.    CONCLUSION

It is therefore

ORDERED that Plaintiffs' Objection to the Docket Text Order (Docket No. 56) is

OVERRULED.

Dated August 22, 2022,

BY THE COURT

_____

District Judge Ted Stewart