THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VINCENT BLACKMORE and DANYALE BLACKMORE,<br><br>Plaintiffs,<br><br>v.<br><br>JARED CALSON, ERIC DEMILLE, LA-NORMA RAMIREZ, WASHINGTON COUNTY, and HURRICANE CITY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [147] MOTION FOR LEAVE TO SUPPLEMENT MOTION FOR SUMMARY JUDGMENT AND GRANTING [144] REQUEST FOR JUDICIAL NOTICE OF JURY VERDICT AND INSTRUCTIONS**<br><br>Case No. 4:21-cv-00026-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs Vincent Blackmore and Danyale Blackmore ("Blackmore") filed a Request for Judicial Notice of Jury Verdict & Certain Jury Instructions ("Request for Judicial Notice").[1] Jared Carlson, Eric DeMille, and Hurricane City (together "Hurricane City Defendants") filed a Motion for Leave of Court to Supplement Motion for Summary Judgment ("Motion to Supplement").[2] The Blackmores filed Plaintiffs' Opposition to Motion for Leave of Court to Supplement Motion for Summary Judgment,[3] and Hurricane City Defendants filed their Reply Memorandum in Support of Motion for Leave of Court to Supplement Motion for Summary Judgment.[4] Blackmore also filed a related Notice of Supplemental Authority.[5]

---

[1] Docket no. 144, filed January 29, 2024.

[2] Docket no. 147, filed February 28, 2024.

[3] Docket no. 149, filed March 13, 2024.

[4] Docket no. 150, filed March 20, 2024.

[5] Docket no. 146, filed February 12, 2024.

Both the Request for Judicial Notice and the Motion to Supplement involve *State of Utah v. Danyale Blackmore* ("State Case"),[6] the justice court criminal case connected to the incident underlying this case.

The Request for Judicial Notice seeks recognition of the jury verdict that found Danyale Blackmore not guilty of disorderly conduct and interference with an arresting officer in the State Case.[7] The Blackmores argue that the jury verdict dispositively shows that the Hurricane City Defendants did not have probable cause to arrest her.[8]

In the Motion to Supplement, Hurricane City Defendants argue that an order denying a motion to suppress dispositively establishes that Hurricane City Defendants had probable cause to arrest Blackmore and that Blackmore is precluded from relitigating the issue now.[9]

The Request for Judicial Notice and Motion to Supplement are both GRANTED, but only to the extent that the evidence and arguments presented in the Request for Judicial Notice and Motion to Supplement have been considered during evaluation of the pending motion for summary judgment.[10] However, as explained below, the Request for Judicial Notice and Motion to Supplement do not impact the forthcoming decision on the motion for summary judgment because the rulings in the State Case has no controlling effect on this case. The jury finding that Blackmore was not guilty does not control whether the officers had probable cause to arrest her because there are different standards of proof in this case and the State Case. And the justice

---

[6] Hurricane City Justice Court, Washington County, State of Utah Case no. 201300009; *see* Exhibit 1 to Request for Judicial Notice ("Verdict Form"), docket no. 144, filed January 29, 2024, at 9-10.

[7] Request for Judicial Notice at 5-6, 9-10.

[8] *Id.* at 6.

[9] Motion to Supplement at 2-4.

[10] Defendants Jared Carlson, Eric DeMille, and Hurricane City's Motion (1) For Summary Judgment; and, Alternatively, (2) to Stay, docket no. 86, filed April 7, 2023.

court finding the officers had probable cause to arrest Blackmore in a pre-trial order denying a motion to suppress does not foreclose the issue here because a justice court pre-trial determination is not controlling.

1. **The Jury Decision in the State Case is Not Controlling Because the Jury Did Not Make a Probable Cause Finding and Because the Jury Verdict Relies on a Different Standard of Proof.**

In a criminal case in Utah, the "prosecution must prove beyond a reasonable doubt each element of the crime.[11] The jury in the State Case used a general verdict form and found Blackmore not guilty of disorderly conduct and not guilty of interfering with an arresting officer.[12] Despite Blackmore's argument that the jury verdict disposes of the question of probable cause, the jury verdict in the State Case made no specific findings regarding probable cause and only made a determination about ultimate criminal guilt on the presented charges.[13] The jury verdict in the State Case does not control the question of whether probable cause existed for purposes of this matter because the jury was never asked that question and never made that determination in the State Case. That finding was not an issue in that case.

Additionally, the jury used a different standard of proof. To convict Blackmore, the jury would have needed to find she committed each element of the charged crimes beyond a reasonable doubt. But to arrest Blackmore, the officers only had to have probable cause, which the Supreme Court has described as "not a high bar" that only requires the "kind of fair probability on which reasonable and prudent people, not legal technicians, act."[14] Simply stated, law enforcement may meet the lower standard of probable cause justifying an arrest in cases

---

[11] *State v. Lamm*, 606 P.2d 229, 231 (Utah 1980)

[12] Request for Judicial Notice at 9-10.

[13] *Id.*

[14] *Kaley v. United States*, 571 U.S. 320, 338.

where the higher beyond-a-reasonable-doubt standard needed to establish ultimate guilt is lacking. Because of the different standard of proof in the State Case, the jury determination in the State Case has no bearing on the probable cause determinations in this case.

### 2. The Pretrial Determination of Probable Cause in the State Case is not Controlling Because Justice Court Decisions Are Subject to De Novo Relitigating.

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires a federal court to give "a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."[15] Hurricane City Defendants seek to preclude Blackmore from litigating whether the officers had probable cause to arrest Blackmore based on a pre-trial order in the State Case where the justice court found probable cause existed.[16] But that ruling is not a judgment.

Normally, "[c]ollateral estoppel, otherwise known as issue preclusion, prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit."[17] Two of four requirements necessary to have issue preclusion are that the "issue in the first action was completely, fully, and fairly litigated" and that the "first suit resulted in a final judgment on the merits."[18] The unique procedures of Utah justice courts make issue preclusion inappropriate here.

A justice court in Utah is a lower court inferior to a district court.[19] Utah justice courts are "not courts of record," and give defendants the "opportunity to relitigate his or her case anew

---

[15] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80–81 (1984).

[16] Motion to Supplement at 2-5.

[17] *Jensen ex rel. Jensen v. Cunningham*, 2011 UT 17, ¶ 41, 250 P.3d 465 (internal quotation marks omitted).

[18] *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 23, 285 P.3d 1157, 1164 (internal quotation and citation omitted).

[19] *Smith v. Hruby-Mills*, 2016 UT App 159, ¶ 16, 380 P.3d 349, 356.

. . . ."[20] For instance, if a prosecutor lost a motion to suppress in the justice court, the prosecution could immediately have a de novo hearing in the district court and relitigate that same issue.[21] Likewise, if a defendant lost on a motion to suppress and then was convicted in justice court, that defendant could relitigate the motion to suppress de novo and have a de novo trial at the district court.[22] At a de novo trial in the district court, a "defendant is afforded a clean slate upon which to relitigate the facts as to his guilt or innocence. The outcome of the prior justice court proceeding plays no part in the trial de novo."[23]

In *Smith v. Hruby-Mills*,[24] a defendant was successful on a motion to suppress at the justice court based on an officer lacking reasonable suspicion for a stop. Then the government obtained a de novo hearing and the motion to suppress was denied at the district court.[25] The matter went back to the justice court where the defendant pleaded guilty.[26] Then, the defendant obtained a trial de novo at the district court and filed another motion to suppress at the district court.[27] While the district court did not hear the motion to suppress again, because it had already heard it, the Utah Court of Appeals explained that the prior motion to suppress decision in the district court did not bind the district court and the court could exercise its discretion to determine whether to hold another hearing on the motion to suppress.[28] The Utah Court of

---

[20] *Bernat v. Allphin*, 2005 UT 1, ¶ 32, 106 P.3d 707, 716, as corrected (Apr. 1, 2005) (cleaned up).

[21] Utah Code Ann. § 78A-7-118.

[22] *See* Utah Code Ann. § 78A-7-118.

[23] *Bernat*, 2005 UT 1, ¶ 31, 106 P.3d at 716.

[24] 2016 UT App 159, 380 P.3d 349.

[25] *Id.* at ¶ 3, 380 P.3d at 352.

[26] *Id.*

[27] *Id.*

[28] *Id.* at ¶ 11, 380 P.3d at 354.

Appeals found that issue preclusion did not apply because the proceedings at the justice court and district court were best understood as one continuous, enlarged judicial proceeding.[29]

If Blackmore was convicted in the justice court, she could have obtained a de novo trial to relitigate her case completely and could have filed a motion to suppress and had the issue of probable cause relitigated afresh. And the justice court pre-trial determination that probable cause existed to justify Blackmore's arrest would have had no impact at the district court. Because a Utah district court would not have been controlled by the justice court determination, neither is this court controlled by it. This is especially true given that Blackmore was found not guilty, which does not rest on the pretrial determination of probable cause.[30] Accordingly, the district court's pre-trial determination that the officers had probable cause is not controlling or dispositive on that issue in this case.

## ORDER

The Request for Judicial Notice[31] and Motion to Supplement[32] are both GRANTED. The arguments and evidence raised in these filings, while not controlling in this matter, are appropriate for consideration and review at the summary judgment stage. The parties may file motions as appropriate related to the admission of these materials at trial.

Signed June 5, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[29] *Id.* at ¶¶ 12-13, 380 P.3d at 355.

[30] In a case where a pre-trial justice court determination is foundational to the ultimate determination, principles supporting issue preclusion may change the analysis to require more deference to the justice court determination.

[31] Request for Judicial Notice of Jery Verdict & Certain Jury Instructions, docket no. 144, filed January 29, 2024.

[32] Motion for Leave of Court to Supplement Motion for Summary Judgment, docket no. 147, filed February 28, 2024.