THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VINCENT BLACKMORE and DANYALE BLACKMORE,<br><br>Plaintiffs,<br><br>v.<br><br>JARED CALSON, ERIC DEMILLE, LA-NORMA RAMIREZ, WASHINGTON COUNTY, and HURRICANE CITY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO STRIKE ANSWER TO AMENDED COMPLAINT**<br><br>Case No. 4:21-cv-00026-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs Vincent Blackmore and Danyale Blackmore (together "Blackmores") filed Plaintiffs' Motion to Strike Defendants Jared Carlson, Eric DeMille, and Hurricane City's Answer to Amended Complaint ("Motion").[1] Defendants Jared Carlson, Eric DeMille, and Hurricane City (together "Hurricane City Defendants") filed their opposition[2] and the Blackmores filed their reply.[3] For the reasons explained below, the Motion is DENIED except as noted.

The posture of the Motion is slightly unusual. On February 4, 2022, Plaintiffs filed a Motion for Leave to Amend Complaint to Add Party[4] and attached the proposed Amended Complaint and Jury Demand.[5] On February 14, 2022, an Order Granting Motion for Leave to

---

[1] Docket no. 133, filed June 29, 2023.

[2] Memorandum in Opposition to Plaintiffs' Motion to Strike Defendants Jared Carlson, Eric DeMille, and Hurricane City's Answer to Amended Complaint ("Opposition"), docket no. 134, filed July 7, 2023.

[3] Plaintiffs' Reply to Memorandum in Opposition to Plaintiffs' Motion to Strike Defendants Jared Carlson, Eric DeMille, and Hurricane City's Answer to Amended Complaint, docket no. 136, filed July 28, 2023.

[4] Docket no. 44, filed February 4, 2022.

[5] Docket no. 44-1, filed February 4, 2022.

Amend Complaint to Add Party ("Order Granting Leave") was entered.[6] The Order Granting Leave ordered that the operative complaint "will be the proposed Amended Complaint and Jury Demand" and provided that "Plaintiffs are granted leave to file their Amended Complaint."[7] The most natural reading of the Order Granting Leave required Plaintiffs to file the amended complaint before it became operative. Plaintiffs did not follow the direction of the Order Granting Leave and did not file the proposed amended complaint. Plaintiffs' oversight created confusion about when the Hurricane City Defendants were entitled to respond to the Amended Complaint.

On May 24, 2023, a Notice of Deficiency was entered by the clerk of the court, noting that Plaintiff had not filed the Amended Complaint as directed in the Order Granting Leave.[8] The next day, May 25, 2023, Plaintiffs filed the Amended Complaint and Jury Demand ("Amended Complaint),[9] which was then backdated by the clerk of the court to match the February 14, 2022, date of the Order Granting Leave.

Plaintiffs' filing of the Amended Complaint was a tacit acknowledgment that they had failed to follow the direction of the Order Granting Leave. Regardless of the backdating docket notations made by the clerk of the court, Rule 15 of the Federal Rules of Civil Procedure provides that a "response to an amended pleading must be made within . . . 14 days after service of the amended pleading." The Amended Complaint was served through the CM/ECF system on May 25, 2023. Therefore, the deadline to file a responsive pleading was June 8, 2023.

---

[6] Docket no. 47, filed February 14, 2022.

[7] Docket no. 47, filed February 14, 2022.

[8] Docket no. 120, filed May 24, 2023.

[9] Docket no. 122, filed May 25, 2023 (backdated to February 14, 2022).

Defendants Jared Carlson, Eric DeMille, and Hurricane City's Answer to Amended Complaint ("Answer to Amended Complaint")[10] was filed June 8, 2023, so it is not untimely.

Granting leave to amend pleadings falls within the discretion of the trial court.[11] Allowing Hurricane City Defendant's Answer to Amended Complaint is consistent with Rule 15's direction that leave to amend should be "freely give[n] . . . when justice so requires."[12] The Tenth Circuit has explained that "this mandate is to be heeded."[13] It is also consistent with an approach where "the purpose of pleading is to facilitate a proper decision on the merits."[14]

Additionally, based on the examples in the Motion, the Blackmores have not shown allowing the Answer to Amended Complaint will unduly prejudice their case (an important consideration in permitting pleading amendment[15]). The Blackmores raise two examples of changes in the Answer to Amended Complaint that are prejudicial.

The first example is a change of an admission that Brangham had "kicked the door in to force his way into the lobby" to a denial that "Brangham admitted that he forced his way into the lobby."[16] The Blackmores argue this change impacts the analysis of whether the hotel lobby was a public place.[17] Hurricane City Defendants clarify in their Opposition that the change did not dispute Brangham admitted he kicked the door in, but denied his intention was to force his way into the lobby.[18] This change does not warrant striking the Answer to Amended Complaint.

---

[10] Docket no. 128, filed June 8, 2023.

[11] *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971).

[12] Fed. R. Civ. P. 15.

[13] *Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

[14] *Price v. Reid*, 161 F. App'x 773, 776 (10th Cir. 2006).

[15] *Zenith Radio Corp.*, 401 U.S. at 331.

[16] Motion at 9.

[17] *Id.*

[18] Opposition at 4.

The second example of an alleged prejudicial change deals with whether Defendant Jared Carlson gave an order for Danyale Blackmore not to approach Brangham.[19] Hurricane City Defendants admit the challenged change was not intentional and do not object an order correcting this error. Accordingly, paragraph 68 in the Answer to Amended Complaint is STRICKEN and the effective answer to paragraph 68 of the Amended Complaint shall now be Hurricane City Defendants' original answer of "Admit Officer Carlson did not use those words. Deny the remaining allegations of the paragraph."[20]

Additionally, allowing the Answer to Amended Complaint will not impact the outcome of the pending motion for summary judgment.[21]

IT IS HEREBY ORDERED that the Motion[22] is DENIED except that paragraph 68 in the Answer to Amended Complaint is STRICKEN and the Hurricane City Defendants original answer of "Admit Officer Carlson did not use those words. Deny the remaining allegations of the paragraph"[23] shall now be the effective answer to paragraph 68 in the Amended Complaint.

Signed June 5, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[19] Motion at 10.

[20] Answer of Defendants Jared Carlson, Eric DeMille, and Hurricane City, docket no. 38, filed December 15, 2021.

[21] Defendants Jared Carlson, Eric DeMille, and Hurricane City's Motion (1) for Summary Judgment; and, Alternatively, (2) to Stay, docket no. 86, filed April 7, 2023.

[22] Plaintiffs' Motion to Strike Defendants Jared Carlson, Eric DeMille, and Hurricane City's Answer to Amended Complaint, docket no. 133, filed June 29, 2023.

[23] Answer of Defendants Jared Carlson, Eric DeMille, and Hurricane City, docket no. 38, filed December 15, 2021.