THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>             Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN DISCOVERY**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Plaintiff Danyale Blackmore ("Blackmore") filed Plaintiffs' [sic] Motion to Amend the Scheduling Order to Reopen Discovery for the Sole Purpose of a Rule 34 Inspection ("Motion").[1] Defendant La-Norma Ramirez ("Ramirez") filed an Opposition[2] and Blackmore filed a Reply.[3] Blackmore's Motion seeks to reopen discovery to conduct a FED. R. CIV. P. 34 inspection of the Purgatory Correctional Facility booking and reception areas ("Facility") at the center of the allegations. Primarily, Blackmore seeks to photograph the Facility.[4]

FED. R. CIV. P. 16 provides that a "schedule may be modified only for good cause and with the judge's consent." "Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that

---

[1] Docket no. 189, filed February 7, 2025.

[2] Memorandum in Opposition to Plaintiffs' Motion to Amend the Scheduling Order to Reopen Discovery for the Sole Purpose of a Rule 34 Inspection ("Opposition"), docket no. 201, filed February 27, 2025.

[3] Reply in Support of Motion to Amend the Scheduling Order to Reopen Discovery for the Sole Purpose of a Rule 34 Inspection ("Reply"), docket no. 207, filed March 6, 2025.

[4] Motion at 3-4.

discretion."[5] In *Smith v. United States,* the Tenth Circuit identified factors courts should use to determine if discovery should be reopened including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."[6]

The *Smith* factors weigh against reopening discovery. Trial is imminent and set to begin June 9, 2025. And Ramirez opposes the request to reopen discovery. These first two factors are not primary reasons for this decision, but they do weigh in favor of denying the Motion.

Most significant to this analysis, Blackmore has not demonstrated diligence in obtaining the requested discovery. Fact discovery closed over two years ago in February 2023.[7] Prior to that, in October 2022, Blackmore's counsel was permitted an inspection without photography of the booking and reception areas of the Facility.[8] As Blackmore admits, "the need for photographs of the booking area was foreseen as early as October 2022."[9] Yet Blackmore did not seek court assistance to take photographs during the Facility tour in October 2022 or soon thereafter.

Blackmore allowed the discovery deadline to lapse without seeking the requested discovery. And this issue has not been broached in subsequent schedule amendments. As

---

[5] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[6] *Id.*

[7] Motion at 2; Third Amended Scheduling Order, docket no. 70, filed September 13, 2022.

[8] Motion at 3.

[9] Motion at 4.

demonstrated by the exhibits to the Motion, Blackmore's next verifiable request to schedule a Rule 34 inspection of the Facility after the October 2022 tour was on October 4, 2024.[10] This two-year delay is fatal. And Blackmore's admitted foreseeable need for the requested photographs in October 2022 exacerbates the delay. The lack of demonstrated diligence is the paramount factor in this decision.

Reopening discovery may lead to photographic evidence that could assist the jury, which weighs in favor of reopening discovery. However, this factor carries less weight because counsel for Blackmore has already had an opportunity to tour the Facility and did not object to the prohibition of photography during that tour.[11] It is also given less weight because it is not clear whether Blackmore already has some photographs of the Facility. Although neither party points this out in their briefing, in deposition transcripts attached to the Opposition, Blackmore's counsel references both the tour of the Facility and references photographs of the Facility during the deposition of Marc VanDam.[12] An answer by VanDam references at least two photographs of the Facility shown by Blackmore's counsel: "so, ***your picture, looking at the booking counter***, or even ***the one looking at the A Hold where that door is*** . . . ."[13] Blackmore's counsel also discusses the Intake C cell in a question and mentions "I have a better picture" and then appears to be describing what the picture contains.[14] Photographs of the Facility also appear to be

---

[10] Exhibit 1 to the Motion, docket no. 189, at 6.

[11] Opposition at 1-2;

[12] Transcript of the Deposition of Marc Boyd VanDam, taken October 20, 2022, docket no. 201-3 at 9:21-10:1; 11:2-16; 13:14-15; 16:23-24; 17:1-4; 30:7-8; 30:17-30; and 31:9-10.

[13] *Id.* at 17:1-3.

[14] *Id.* at 30:17-19; 31:9-10.

mentioned during the Deposition of Lori Jardine.[15] It is Blackmore's burden to demonstrate that discovery should be reopened, and these references to photographs of the Facility undercut Blackmore's stated need to reopen discovery. While more photographs of the Facility may help the jury, this factor carries minor weight in favor of reopening discovery because of the prior tour, lack of objection, and reference to pictures in depositions.

The factor of prejudice to Ramirez is determined to be a neutral factor here. Counsel for Ramirez focuses on scheduling difficulty as the primary prejudice Ramirez will face. Ramirez also fears Blackmore may use new photographs of the Facility to change testimony from that provided at the deposition.[16] This assertion is speculation that does not factor into this decision. But taking new pictures to be used at trial that were not previously used at any depositions does create risks of unnecessary confusion at trial. This factor does not weigh for or against granting the Motion.

Based on the record presented and considering all of the *Smith* factors, Blackmore has not demonstrated good cause to reopen discovery for the purpose of inspecting and photographing the Facility.

IT IS HEREBY ORDERED that the Motion[17] is DENIED.

Signed March 14, 2025.

BY THE COURT

Ann Marie McIff Allen
United States District Judge

---

[15] Transcript of the Deposition of Lori Jardine, taken October 20, 2022, docket no. 201-4 at 15:2-11.

[16] Opposition at 6.

[17] Docket no. 189, filed February 7, 2025.