THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>               Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH SUBPOENA**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

    Plaintiff Danyale Blackmore ("Blackmore") filed her Motion to Quash Subpoena Duces Tecum ("Motion").[1] Defendant La-Norma Ramirez ("Ramirez") filed an Opposition[2] and Blackmore filed a Reply.[3] Blackmore's Motion seeks to quash a subpoena served by Ramirez on one of Blackmore's treating physicians, Elisabeth York ("York"). Specifically, Blackmore argues that the subpoena improperly seeks email communications between York and Blackmore's counsel that are protected by the attorney work product pursuant to FED. R. CIV. P. 26.[4] "The burden lies on the party resisting discovery to show that the documents requested are either unduly burdensome or privileged."[5] Blackmore fails to meet this burden.

    Blackmore cites Rule 26(b)(3)(A)(ii) and argues that Ramirez must demonstrate a substantial need for the emails in question.[6] But Blackmore fails to establish the communications

---

[1] Docket no. 190, filed February 11, 2025.

[2] Memorandum in Opposition to Plaintiffs' Motion to Quash Subpoena Duces Tecum ("Opposition"), docket no. 200, filed February 27, 2025.

[3] Reply in Support of Motion to Quash Subpoena Duces Tecum ("Reply"), docket no. 206, filed March 6, 2025.

[4] Motion at 2-3.

[5] *BuzzFeed, Inc. v. U.S. Dep't of Just.*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018).

[6] Reply at 4.

between York and Blackmore's counsel are protected by Rule 26 to begin with. Rule 26(b)(4)(C) clarifies that "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B) . . . ." Rule 26(a)(2)(B) requires reports by retained experts. As the advisory committee explained the purpose of Rule 26(b)(4)(C):

> The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with ***retained experts*** without fear of exposing those communications to searching discovery. The protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying, . . . ***The rule does not itself protect communications between counsel and other expert witnesses***, such as those for whom disclosure is required under Rule 26(a)(2)(C). The rule does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine.[7]

Rule 26 itself provides no protections for communications between counsel and non-retained experts like York. Blackmore does not dispute that York is a non-retained expert, nor does Blackmore address how the communications in question are protected attorney work-product in light of Rule 26(b)(4)(C). Blackmore fails to meet her burden to demonstrate the subpoena seeks protected materials.

IT IS HEREBY ORDERED that the Motion[8] is DENIED.

Signed March 14, 2025.

BY THE COURT

_____
Ann Marie McIff Allen
United States District Judge

---

[7] FED. R. CIV. P. 26 advisory committee notes for the 2010 Amendments (emphasis added).

[8] Docket no. 190, filed February 11, 2025.