UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VINCENT BLACKMORE and DANYALE BLACKMORE,<br><br>Plaintiffs,<br><br>vs.<br><br>JARED CARLSON and ERIC DEMILLE, Hurricane City Police Officers; LA-NORMA RAMIREZ and DOE DEPUTIES 1-4, Washington County Sheriff's Deputies; WASHINGTON COUNTY, by and through its Sheriff's Office; and HURRICANE CITY, by and through its Police Department,<br><br>Defendants. | **REBUTTAL EXPERT REPORT OF**<br><br>**ANNETTE B. CURTIS**<br><br>Civil No. 4:21-cv-00026-DN-PK<br><br>Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

**Expert Report**

1.   Background.

I was retained to review aspects of the record having to do with the treatment of Danyale Blackmore and her diagnosis of PTSD based on a traumatic event which occurred January 6, 2020, at the Purgatory Correctional Facility in Washington County, Utah. I was asked to provide my opinion regarding whether a woman that is required to disrobe in front of three or four men might suffer from Post-Traumatic Street Disorder or PTSD. I was also asked to address the expert report and deposition of Dr. Kennon Tubbs and provide my observations and rebuttal to his positions. I provide the opinions herein to a reasonable degree of certainty based on my professional experience, training and knowledge in the field of women's mental health.

1

2.      Qualifications.

I am currently a resident of the State of Utah. I am a Licensed Clinical Social Worker in the State of Utah, #290797-3501. I have over 32 years of experience in the social work and mental health field including 23 years of working with children in the custody of DCFS who had been removed from their homes due to abuse and neglect.

I have spent almost 8 years working with adult women who were survivors of childhood sexual abuse. I have been a clinician for over 20 years. I specialize in trauma and PTSD. I am trained in EMDR (eye movement desensitization and reprocessing) which is effective in treating PTSD and have had several years of training in trauma and sexual abuse, including a Certificate in Complex Trauma and Dissociation from the International Society for the Study of Trauma and Dissociation ("ISSTD").

3.      Analysis.

In the case of Danyale Blackmore, I have had the opportunity to review the following records:

> Amended Complaint
> Danyale Blackmore Deposition
> Video of Danyale Blackmore Deposition
> Body Cam Video of Hurricane PD Officers Carlson and DeMille
> Elisabeth York, CMHC Deposition
> Dr. Scott Allen Deposition
> Jail Pre-Booking Take Form
> Jail Property Store Form
> Jail Property Return Form
> Report of Kennon Tubbs, M.D.
> Video of the Kennon Tubbs, M.D. Deposition

4.      Report.

My initial observation is that Dr. Tubbs does not have *specific* training or qualifications to treat or work with women outside of the jail or prison environment, nor does he appear to have specifically worked with women who have experienced sexual trauma. His focus has been on those who are incarcerated for crimes they have committed. They may have had traumatic experiences in their lives, but he is not actively *treating* women who are trying to work through sexual trauma. He claims general training as a doctor, but that is not the type of specific training necessary to professionally treat cases of very difficult sexual trauma with women.

Dr. Tubbs is wrong in his interpretation of Ms. Blackmore's trauma under Criterion A. He stated that Ms. Blackmore does not meet the Criteria A elements for the diagnosis of PTSD in the DSM V. Criterion A is defined as "Exposure to actual or threatened death, serious injury, or sexual violence in one (or more) of the following ways." I would like to focus on the first element under this Criterion which states "Directly experiencing the traumatic event(s)". The DSM V goes on to define these features further by stating, "The directly experienced traumatic events in Criterion A **include but** are *not limited to,* ... threatened or actual sexual violence (e.g., ... **noncontact sexual abuse** ...)" (pg. 274 DSM V). While "noncontact sexual abuse" may be considered a vague definition, it arguably expands the environment of qualifying events to include such behaviors as voyeurism or forcing someone to strip down naked.

Therefore, based on my professional experience, if Ms. Blackmore was forced to disrobe and if there were male officers present while this was occurring, this event would most definitely be considered "traumatic" under Criterion A. In his deposition, Dr. Tubbs qualified Ms. Blackmore's experiences as "emotional memories" and not trauma. In my professional experience, however, I have seen *many* women who have had experiences that were similar to what Ms. Blackmore went through that I would, without question, qualify as traumatic. Being <u>*forced*</u> to undress under <u>*any*</u> circumstances would be traumatic, let alone, while also dealing with the trauma of being watched by males who, as best I can tell from the record, did not serve any purpose in being there other than just to watch Ms. Blackmore undress. Dr. Tubbs goes on to say about the strip search, that "women are emotional when it comes to those type of events, they all experience it differently." I interpret this statement to mean that because women are emotional, a strip search is more of a "memorable event," inferring that this is a character flaw, rather than a response to a threatening experience.

This demonstrates my concern regarding Dr. Tubbs' lack of experience in treating women who are dealing with the effects of sexual trauma. He appears intent on minimizing Ms. Blackmore's response to her experience, rather than trying to empathize with what she says she has gone through. He is, in effect, telling Ms. Blackmore that hers is not a valid traumatic experience, because she's an emotional woman. As a professional, I am not allowed to tell a client she has not had a traumatic experience. My role is to do my best to understand my patient, diagnose whether her symptoms of PTSD are consistent with her described trauma, and help her work through the PTSD effects.

In her deposition, Ms. York reported that while talking to Ms. Blackmore about what happened at the jail, Ms. Blackmore demonstrated "trembling while telling the story", "irritation, struggling to breath during parts of the story", "withdrawn body language", and "holding herself tight". These responses are directly tied into the diagnosis of PTSD beyond Criterion A, including irritability, negative emotional state, negative alterations in mood, and psychological distress. The symptoms of PTSD need to persist longer

than 1 month. Ms. Blackmore's visit with Ms. York was *two years after* the event. These symptoms are consistent with PTSD.

While there are other criterion necessary to meet the diagnosis of PTSD, it is my experience that we do not get to decide what is traumatic for each individual person. Science and professional experience have taught me that the survival part of our brains will interpret an experience and decide if what is happening is threatening in any way. These experiences are then coded in our brains as "threatening" and "traumatic" memories. Dr. Tubb's stated that a strip search is not "deadly or lethal", or "criminal", so it cannot not be considered traumatic. However, his methodology doesn't consider the full extent of the Criteria, nor does he appreciate the mental health science that a professional must apply to assess a woman's response to trauma. Two people may go through the same experience, but they both may not necessarily have trauma. The brain interprets the event and decides if it is traumatic, based on life experience and the construct of the person's brain. If an individual's brain determines that there is a threat, then the threat becomes a *traumatic* experience and memory and PTSD is a likely outcome.

In his deposition, Dr. Tubbs also stated that "some women get naked for fun." In my professional experience, most women do not like to get naked in front of unknown men for fun. For those who do, it is often because they have experienced early childhood sexual abuse, rape, or sexual assault in their lives and have learned from these experiences that their worth is based on their bodies being used for the pleasure of others. This statement from Dr. Tubbs is demeaning to women, especially to those who have been violated.

Dr. Tubb's opinion is that Ms. Blackmore did not seek out treatment for PTSD until 2022 and only after she realized she would need a diagnosis of PTSD for the lawsuit. Again, this demonstrates his lack of experience in treating sexually traumatized women outside the correctional setting.

Ms. Blackmore's behavior points to avoidance, another PTSD criterion. In my experience, there are many women who do not seek out treatment for PTSD for traumatic sexual experiences. Often, these women experience intense shame for what has happened to them and view themselves as not being good enough or unworthy because of what was forced upon them. They may also not seek out treatment because acknowledging what happened through therapy forces them to relive the *event* and makes the *event* more real to them. They are scared to have to deal with the trauma over and over again. In treatment for PTSD, clients may have to talk about the specifics of what happened to them, which can intensify their feelings and make them feel as though they are experiencing the trauma again. This can be terrifying and emotionally

distressing for a woman. Similarly, for all these same reasons, a woman may see a counselor for a period of time and then stop treating. Lack of treatment does not indicate that a woman has not suffered a traumatic event or that she is not suffering from PTSD.

In my experience, it is not uncommon for a woman with sexual trauma to try to push the memories and feelings aside. They may recognize they feel anxious or depressed at times, but may not want to deal with the underlying cause of these feelings. They may do other things to bury their anxiety or depression. As a result, they never seek out helpful therapies. In my opinion, it would be understandable that if Ms. Blackmore was forced to disrobe in front of a number of men, that she would not immediately want to seek out treatment. In my professional opinion, woman that seek out such treatment are very courageous.

5.   Conclusion.

Based on my review, Ms. Blackmore, contrary to Dr. Tubbs' assessment, meets each of the Criterion for PTSD: traumatic event, intrusion symptoms, i.e., unwanted memories, avoidance symptoms, negative cognitions and mood, and reactivity changes, as evidenced by Dr. Allen's report of her self-reported alcohol concerns. Based on my assessment of the information provided and on my years of experience working with trauma, specifically sexual trauma, I believe that if Ms. Blackmore was forced to disrobe in front of three men as she reported, she would indeed qualify for the diagnosis of PTSD.

March 7, 2025

*Annette B. Curtis*
Annette B. Curtis, LCSW