THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO BIFURCATE THE TRIAL**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff Allen |

Defendant seeks to bifurcate trial of liability and damages ("Motion").[1] Defendant argues that bifurcation will save time and avoid risk of prejudice and juror confusion.[2] Plaintiff opposes the Motion, arguing that bifurcation will consume more time and resources and unreasonably complicate the scheduling of witnesses and presentation of evidence.[3]

Because Defendant fails to meet her burden of demonstrating that the circumstances of this case favor a bifurcated trial,[4] Defendant's Motion[5] is DENIED.

## DISCUSSION

FED. R. CIV. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues[.]"[6] The trial

---

[1] Defendant's Motion to Bifurcate the Trial for Liability and Damages ("Motion"), docket no. 248, filed Apr. 22, 2025.

[2] *Id*. at 2-5.

[3] Plaintiffs' Opposition to Defendants' Motion to Bifurcate the Trial for Liability and Damages at 2-7, docket no. 256, filed Apr. 25, 2025.

[4] Defendant has not yet filed a reply regarding her Motion. However, a reply is unnecessary to the resolution of the Motion and would not alter the Motion's disposition.

[5] Docket no. 248, filed Apr. 22, 2025.

[6] FED. R. CIV. P. 42(b).

court has broad discretion in determining whether to bifurcate a trial.[7] "The moving party bears the burden of persuading the court to exercise its discretion."[8] And courts in the District of Utah have recognized "the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses."[9]

Defendant has not met her burden of demonstrating that bifurcating trial of liability and damages is appropriate. This case is set for a four-day jury trial on Plaintiff's claim that she was illegally strip searched.[10] There is no question that the trial would be shorter if liability is bifurcated from damages and the jury finds no liability. Opening statements and closing arguments would not address the damages issue; and the number of witnesses and the scope of their testimony would be truncated to the liability issue. But it is not appropriate to assume the jury will find no liability. And the consequence of bifurcation if the jury does find liability is unquestionably a lengthier trial requiring recalled witnesses, additional opening statements and closing arguments, and a second jury deliberation. Defendant has not presented a convincing argument that bifurcation will lead to a more expeditious and convenient trial.

Defendant also fails to present a sufficient basis to justify the risk of delay and inconvenience that bifurcation may cause. Defendant raises concern that fact and expert witness testimony regarding damages may cause prejudice and juror confusion if liability has not already been decided.[11] But these concerns are not unique to this case. They are present in almost any trial in which liability and damages are at issue.

---

[7] *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985).

[8] *Cutright v. Geico Cas. Co.*, 2018 WL 1135395, *1 (D. Utah Feb. 28, 20218); *Zachwieja v. Am. Family Mut. Ins. Co.*, 2009 WL 819371, *2 (D. Utah Mar. 27, 2009).

[9] *Cutright*, 2018 WL 1135395, *1 (quoting *Patten v. Lederle Labs.*, 676 F. Supp. 233, 238 (D. Utah 1987)).

[10] Trial Order at 1, docket no. 236, filed Apr. 9, 2025.

[11] Motion at 3-5.

The testimony Defendant anticipates from fact and expert witnesses regarding Plaintiff's alleged mental and emotional harm is not so inherently extreme or inflammatory as to create an undue or unreasonable risk of a sympathy-driven bias toward liability. Additionally, expert witnesses are often called upon to form opinions based on the set of facts they are presented (which may include disputed facts, or even an assumption of liability). This is what Plaintiff's experts have done in this case. The expert testimony and opinions Defendant anticipates (which assume facts relayed to the experts by Plaintiff and others) do not create an undue or unreasonable risk of juror confusion relating to the liability and damages issues. The jury will be instructed on appropriate considerations for evaluating fact and expert testimony (which may include limiting instructions regarding certain testimony) and for determining liability separately from damages. Defendant has not presented a convincing argument that the anticipated fact and expert testimony in this case necessitates bifurcation to avoid prejudice or juror confusion.

Therefore, the circumstances of this case do not favor a bifurcated trial.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[12] is DENIED.

Signed April 29, 2025.

BY THE COURT

Ann Marie McIff Allen
United States District Judge

---

[12] Docket no. 248, filed Apr. 22, 2025.