THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO PERMIT REMOTE TESTIMONY AND DENYING MOTION TO EXCLUDE**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff Allen |

Defendant seeks an order permitting Jared Carlson to testify remotely at trial ("Motion to Permit Remote Testimony").[1] Defendant asserts Mr. Carlson resides in Palau, over 7,000 miles away from St. George, Utah, and argues that requiring his in-person attendance at trial would be unduly burdensome and costly.[2] Plaintiff opposes the Motion to Permit Remote Testimony, arguing that Mr. Carlson's testimony is unnecessary, and that remote testimony has the potential to suffer technical issues and could affect the jury's ability to assess Mr. Carlson's non-verbal cues.[3] Plaintiff also separately filed a motion to exclude Mr. Carlson from testifying at trial ("Motion to Exclude"),[4] which Defendant opposes.[5]

---

[1] Motion for Jared Carlson to Testify Remotely at Trial ("Motion to Permit Remote Testimony"), docket no. 227, filed Apr. 2, 2025.

[2] *Id*. at 2.

[3] Plaintiffs' Opposition to Motion for Jared Carlson to Testify Remotely at Trial ("Response to Motion to Permit Remote Testimony") at 3-6, docket no. 232, filed Apr. 8, 2025.

[4] Plaintiffs' Motion to Exclude Jared Carlson from Testifying at Trial ("Motion to Exclude"), docket no. 233, filed Apr. 8, 2025.

[5] Memorandum in Opposition to Plaintiffs' Motion to Exclude Jared Carlson ("Response to Motion to Exclude"), docket no. 249, filed Apr. 22, 2025.

Because good cause in compelling circumstances exists for Mr. Carlson to testify remotely, and appropriate safeguards may be put in place, Defendant's Motion to Permit Remote Testimony[6] is GRANTED. And because it appears that Mr. Carlson's anticipated testimony is relevant to the issues at trial,[7] Plaintiff's Motion to Exclude[8] is DENIED.

## DISCUSSION

### Good cause in compelling circumstances exists to permit Mr. Carlson's remote testimony at trial

"The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."[9] Nevertheless, FED. R. CIV. P. 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."[10]

Mere inconvenience does not satisfy Rule 43(a)'s standard.[11] Rather, "the [R]ule contemplates situations where a witness cannot appear in person 'for unexpected reasons, such as accident or illness.'"[12] "Good cause and compelling circumstances may [also] be established with relative ease if all parties agree that the testimony should be presented by transmission."[13] "Other possible justifications for remote transmission must be approached cautiously."[14] The

---

[6] Docket no. 227, filed Apr. 2, 2025.

[7] Plaintiff has not yet filed a reply regarding her Motion to Exclude. However, the court generally does not permit reply memoranda on motions in limine. Trial Order at 4, docket no. 236, filed Apr. 9, 2025. A reply is unnecessary to the resolution of the Motion to Exclude and would not alter its disposition.

[8] Docket no. 233, filed Apr. 8, 2025.

[9] *Ali v. Lambert*, No. 20-5084, 2021 WL 3009712, *2 (10th Cir. July 16, 2021) (quoting FED. R. CIV. P. 43(a) advisory committee's note to 1996 amendment).

[10] FED. R. CIV. P. 43(a).

[11] *Gil-Leyva v. Leslie*, 780 Fed. App'x 580, 587 (10th Cir. 2019).

[12] *Id*. (quoting FED. R. CIV. P. 43(a) advisory committee's note to 1996 amendment).

[13] FED. R. CIV. P. 43(a) advisory committee's note to 1996 amendment.

[14] *Id*.

Tenth Circuit Court of Appeals has observed that "[c]ourts most frequently allow remote testimony in special circumstances, such as where a vital witness would be endangered or made uncomfortable by appearing in a courtroom."[15] But the Tenth Circuit also acknowledges that "courts have sometimes upheld the use of remote testimony in instances where the witness was located far from the site of the trial or hearing."[16]

The circumstances favor allowing Mr. Carlson's remote testimony. Although there is no stipulation to Mr. Carlson testifying remotely, Plaintiff's opposition is curious given that she recently agreed that permitting a different witness, Jesse Fitting, to testify remotely at trial was appropriate to avoid Mr. Fitting missing or rescheduling an out-of-country family vacation.[17] Mr. Carlson is long known to reside in Palau and, yet, Plaintiff is unwilling to agree to his testifying remotely to avoid the time and cost of his traveling over 7,000 miles to attend trial in person.

Plaintiff's basis for her differing positions regarding the witnesses' remote testimony does not appear to have anything to do with Mr. Carlson testifying remotely. Plaintiff makes only truncated and generalized arguments that in-person testimony is favored over remote transmission.[18] The same issues were addressed with the prospect of Mr. Fitting's remote testimony,[19] and are similarly resolved with the implementation of appropriate safeguards. Plaintiff, instead, near exclusively premises her opposition to Mr. Carlson's remote testimony on

---

[15] *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013).

[16] *Id*.

[17] Minute Entry for Proceedings Held Before District Judge Ann Marie McIff Allen ("Initial Pretrial Conference"), docket no. 226, filed Mar. 28, 2025.

[18] Response to Motion to Permit Remote Testimony at 5-6.

[19] Initial Pretrial Conference.

the content of his anticipated testimony.[20] In this respect, Plaintiff's opposition is largely nonresponsive to the Motion to Permit Remote Testimony.

Mr. Carlson was Plaintiff's arresting officer, and he possesses personal knowledge of Plaintiff's arrest and her transport and transfer of custody to the jail.[21] Defendant argues Mr. Carlson's testimony is vital to her defense, particularly in refuting Plaintiff's anticipated testimony regarding the events and circumstances that led up to and during her alleged illegal strip search.[22] Plaintiff's challenge to the relevance of Mr. Carlson's anticipated testimony is not an adequate basis for prohibiting him from testifying remotely.

Mr. Carlson's residence in Palau is certainly not unexpected. But this is not a situation of mere inconvenience considering the substantial distance Mr. Carlson would have to travel from Palau to attend trial in person in St. George, Utah, including the time and costs of such travel. Requiring Mr. Carlson's in-person attendance at trial would be unduly burdensome to Mr. Carlson and unreasonably costly to Defendant. And through the implementation of readily available and reasonably adequate safeguards, Plaintiff will not be prejudiced by Mr. Carlson testifying remotely.

Therefore, good cause in compelling circumstances exists to permit Mr. Carlson's remote testimony at trial, and Defendant's Motion to Permit Remote Testimony[23] is GRANTED. The parties must work together in good faith on setting reasonable protocols and safeguards for Mr. Carlson's remote testimony, and inform the court of such protocols and safeguards at the Final

---

[20] Response to Motion to Permit Remote Testimony at 2-5.

[21] Motion to Permit Remote Testimony at 1-2; Response to Motion to Exclude at 1-3.

[22] Motion to Permit Remote Testimony at 2; Response to Motion to Exclude at 3-5.

[23] Docket no. 227, filed Apr. 2, 2025.

Pretrial Conference. And Defendant must ensure Mr. Carlson is available to provide remote testimony when called at trial.

### Mr. Carlson's anticipated testimony appears relevant to the issues at trial

Plaintiff argues that Mr. Carlson should be excluded from testifying at trial because he was not present when she was allegedly strip searched and, therefore, lacks personal knowledge of the issues relating to her claims.[24] Plaintiff further argues that Mr. Carlson's anticipated testimony regarding her arrest and transport to the jail is irrelevant to whether an illegal strip search occurred at the jail.[25] And Plaintiff argues that such testimony is prejudicial and likely to cause juror confusion.[26]

FED. R. EVID. 402 provides generally that "[r]elevant evidence is admissible" at trial.[27] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[28] However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[29]

There is no dispute that Mr. Carlson lacks personal knowledge of whether Plaintiff was strip searched at the jail. But this does not automatically render his anticipated testimony regarding Plaintiff's arrest and transport to the jail irrelevant to the trial issues. The defect in

---

[24] Motion to Exclude at 3-7.

[25] *Id*.

[26] *Id*.

[27] FED. R. EVID. 402.

[28] *Id*. at 401.

[29] *Id*. at 403.

Plaintiff's argument is that Plaintiff views relevant evidence as only that evidence which supports her case-in-chief, and not in view of a defense to her case-in-chief.

It is anticipated Mr. Carlson will testify regarding his observations of Plaintiff's demeanor at the time of her arrest and during her transport to the jail, including his belief that she was intoxicated.[30] At this time, without having heard the evidence Plaintiff will present in her case-in-chief, it appears that Mr. Carlson's anticipate testimony may be relevant to the trial issues. The anticipated testimony may give relevant context to the circumstances and events involving Plaintiff at the jail; Mr. Carlson filled out one of the jail forms that Plaintiff identifies as a trial exhibit;[31] and the anticipated testimony may call into question Plaintiff's credibility. Additionally, depending on the evidence Plaintiff presents in her case-in-chief, the probative value of Mr. Carlson's anticipated testimony may not be substantially outweighed by the risk of unfair prejudice or juror confusion.

Therefore, Plaintiff's Motion to Exclude[32] is DENIED. Plaintiff may, however, raise specific objections under the appropriate Federal Rules of Evidence at trial to specific questions posed to Mr. Carlson.

---

[30] Motion to Permit Remote Testimony at 1-2; Response to Motion to Exclude at 1-3.

[31] Plaintiffs' Rule 26(a)(3) Pretrial Disclosures at 4 (Blackmore0004, PCF Prisoner Questionnaire – Carlson), docket no. 203, filed Apr. 4, 2025.

[32] Docket no. 233, filed Apr. 8, 2025.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Permit Remote Testimony[33] is GRANTED. The parties are directed to work together in good faith on setting reasonable protocols and safeguards for Mr. Carlson's remote testimony. The parties must inform the court of such protocols and safeguards at the Final Pretrial Conference. And Defendant must ensure Mr. Carlson is available to provide remote testimony when called at trial.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude[34] is DENIED. Plaintiff may, however, raise specific objections under the appropriate Rules of Evidence at trial to specific questions posed to Mr. Carlson.

Signed May 5, 2025.

BY THE COURT

_____
Ann Marie McIff Allen
United States District Judge

---

[33] Docket no. 227, filed Apr. 2, 2025.

[34] Docket no. 233, filed Apr. 8, 2025.