THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF ELISABETH YORK**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff-Allen |

Defendant seeks to exclude or limit at trial the testimony of Plaintiff's expert, Elisabeth York ("Motion").[1] Ms. York is a licensed clinical mental health counselor ("LCMHC"), who provided mental health treatment to Plaintiff.[2] Plaintiff designated Ms. York as a non-retained treating expert as follows:

> Ms. York will testify and may have expert opinions regarding the nature of care, treatment, and/or prognosis regarding [Plaintiff]'s medical conditions, causation and/or damages. Ms. York may testify regarding [Plaintiff]'s mental health. Ms. York will testify that the alleged actions of the Washington County Jail staff on January 6, 2020 ("Incident") have caused [Plaintiff] to suffer severe emotional trauma, distress, depression and anxiety. She will testify that these conditions have directly affected [Plaintiff]'s life, damaged her relationships with her family, and will require ongoing treatment.[3]

Plaintiff also designated Dr. Allen as a rebuttal expert as follows:

> The subject matter of Ms. York's testimony will be her treatment of [Plaintiff] in 2022 for post-traumatic stress disorder (PTSD). . . . [Ms. York] will testify that she accepted [Plaintiff] as a patient, met with her several times, and took a history of what had happened to her. She will testify that [Plaintiff] was severely

---

[1] Motion to Exclude or Limit the Testimony of Elisabeth York and Memorandum in Support ("Motion"), docket no. 221, filed Mar. 28, 2025.

[2] Elisabeth York CV ("York CV"), docket no. 221-2, filed Mar. 28 2025; Ascend Counseling & Wellness / Center for Couples & Families Psychotherapy Progress Notes ("Ascend Records"), docket no. 221-3, filed Mar. 28, 2025.

[3] Plaintiffs' Rule 26 Disclosure of Expert Witnesses (Updated) at 3, docket no. 178, filed Oct. 3, 2024.

distressed by the strip search that had occurred at the Washington Co. Jail, and the fact that three male deputies watched the strip search. She will testify that [Plaintiff] had all the signs and symptoms of a significant PTSD condition. Additionally, Ms. York will provide rebuttal testimony to Defendant['s] experts that may be called at the trial.[4]

Defendant challenges Ms. York's qualifications as an expert and the reliability of her methods and opinions.[5] Defendant also argues that Ms. York's anticipated testimony is unfairly prejudicial.[6]

Ms. York is qualified to offer expert testimony. Her methods and opinions are sufficiently reliable, and her anticipated testimony is relevant and its probative value is not substantially outweighed by a risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Therefore, Defendant's Motion[7] is DENIED. However, as necessary or appropriate based on what evidence and how such evidence is admitted at trial, specific objection may be raised at trial to specific questions posed to Ms. York.

## DISCUSSION

District courts are tasked with the responsibility of serving as the gatekeepers of expert evidence and must decide which experts may testify before the jury and the permissible scope of that testimony.[8] In making these determinations, the district court is given "broad latitude."[9] But the district court must be mindful that the Federal Rules of Evidence generally favor the

---

[4] Plaintiffs' Disclosure of Expert Rebuttal Witnesses at 1-2, docket no. 203, filed Feb. 27, 2025.

[5] Motion.

[6] *Id*.

[7] Docket no. 221, filed Mar. 28, 2025.

[8] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[9] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

admissibility of expert testimony.[10] Excluding expert testimony is the exception rather than the rule.[11] "Vigorous cross-examination, the presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."[12] "[T]he [district] court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[13]

FED. R. EVID. 702 governs the admissibility of expert testimony. A two-step analysis is implemented to determine whether an expert's opinions are admissible under Rule 702.[14] First, is a determination of whether the expert is qualified by "knowledge, skill, experience, training, or education" to render the opinion.[15] And second, is a determination of whether the expert's opinions are "reliable."[16] Opinions for which an expert is not qualified to offer, or which are not reliable, must be excluded.

### Ms. York is qualified to offer expert testimony

Defendant argues Ms. York is not qualified to offer expert testimony because she had only one month experience when treating Plaintiff and was an associate LCMHC, which required a supervising provider to consult on and approve her diagnoses.[17] However, there is nothing in the record to suggest that Ms. York lacked the requisite specialized knowledge, skill, experience, training, or education to provide treatment to Plaintiff. And the record plainly demonstrates that a

---

[10] *Daubert*, 509 U.S. at 588.

[11] FED. R. EVID. 702 Advisory Notes.

[12] *Daubert*, 509 U.S. at 596.

[13] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert*, 509 U.S. at 596).

[14] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[15] *Id*. (quoting FED. R. EVID. 702).

[16] *Id*.

[17] Motion at 2, 5, Reply in Support of Motion to Exclude or Limit the Testimony of Elisabeth York ("Reply") at 4-6, docket no. 254, filed Apr. 25, 2025.

supervising provider signed off on each of Ms. York's therapeutic sessions with Plaintiff.[18] Ms. York is now an LCMHC,[19] and Defendant does not challenge her current qualifications as an expert. Ms. York's deposition testimony further demonstrates her qualification for the expert testimony and opinions she is anticipated to offer.[20]

On this record, Plaintiff has sufficiently demonstrated that Ms. York is qualified to offer the expert testimony for which she is designated. Defendant's arguments challenging Ms. York's qualifications go to the weight of Ms. York's testimony and opinions, not admissibility. These issues are properly the subject of cross-examination and the presentation of contrary evidence, and do not support exclusion of Ms. York as an expert witness at trial.

### Ms. York's anticipated testimony is reliable

To be admissible under FED. R. EVID. 702 expert testimony must be reliable.[21] To determine whether an expert's testimony is reliable requires "assess[ing] the reasoning and methodology underlying the expert's opinion."[22] The testimony must have "a reliable basis in the knowledge and experience of [the expert's] discipline."[23] It must be "based on sufficient facts or data."[24] It must be "the product of reliable principles and methods."[25] And the expert must have "reliably applied the principles and methods to the facts of the case."[26]

---

[18] Ascend Records; Deposition of Elisabeth York, LCMHC ("York Depo.") at 23:25-24:17, docket no. 254-1, filed Apr. 25, 2025.

[19] York CV.

[20] York Depo. at 22:3-87:1.

[21] FED. R. EVID. 702; *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[22] *United States v. Rodriquez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006) (internal quotations omitted).

[23] *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (internal quotations omitted).

[24] FED. R. EVID. 702(b).

[25] *Id.* at 702(c).

[26] *Id.* at 702(d).

In arguing that Ms. York's methods and opinions are unreliable because Ms. York met with Plaintiff for only three therapy sessions over two year after the alleged strip search; Ms. York relied on Plaintiff's recitation of facts without questioning Plaintiff's veracity; Ms. York twice changed Plaintiff's diagnosis; Ms. York did not properly apply the specific criteria required for Plaintiff's PTSD diagnosis; Ms. York is biased, having a vested interest in proving her diagnosis was correct; and prior to her deposition, Ms. York did not initially recall her therapy sessions with Plaintiff.[27] The majority of the issues Defendant raises regarding the reliability of Ms. York's testimony and opinions go to weight, not reliability or admissibility. And Ms. York's deposition testimony demonstrates that her anticipated expert testimony and opinions are the product of reliable principles and methods, which she reliably applied based on sufficient facts.

Through her deposition testimony, Ms. York demonstrates that she obtained sufficient information from Plaintiff to make her diagnoses.[28] The timing of such diagnoses, whether more information would have been helpful to the diagnoses, and Ms. York changing the diagnoses are subjects for cross-examination. Ms. York could also rely on information relayed to her by Plaintiff in making her diagnoses, just as any medical or mental health provider relies on information given to them by their patients. While some of these facts are vigorously disputed by the parties, Defendant points to no evidence or legal authority requiring exclusion of a treatment provider's testimony because the provider's diagnosis relied on information offered by their patient. Ms. York's reliance on information Plaintiff provided does not render Ms. York's testimony and opinions unreliable.

---

[27] Motion at 4-7.

[28] York Depo. at 22:3-87:1.

5

Ms. York's deposition testimony also demonstrates that she applied the specific criteria required for Plaintiff's PTSD diagnosis.[29] Defendant's expert may disagree with that diagnosis. But that disagreement does not render Ms. York's conclusion unreliable. This is an issue for cross-examination and the presentation of contrary evidence. Defendant's assertions of Ms. York's bias and lack of recall are similarly issues going to the weight of Ms. York's testimony and opinions, not reliability or admissibility.

On this record, Plaintiff has demonstrated that Ms. York's anticipated testimony and opinions are sufficiently reliable for purposes of admissibility. Therefore, Ms. York's anticipated testimony is admissible under FED. R. EVID. 702. This, however, does not preclude specific objection being raised at trial to specific questions posed to Ms. York.

### Ms. York's anticipated testimony is relevant and admissible

Defendant argues that even if Ms. York's testimony and opinions satisfy FED. R. EVID. 702, they are not relevant because they will not help the jury determine whether Plaintiff was strip searched.[30] Defendant further argues that Ms. York's testimony and opinions must be excluded, even if relevant, because such testimony and opinions is unfairly prejudicial.[31]

FED. R. EVID. 402 provides generally that "[r]elevant evidence is admissible" at trial.[32] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[33] However, relevant evidence may be excluded "if its probative value is substantially outweighed

---

[29] *Id*.

[30] Motion at 6; Reply at 2-4.

[31] *Id*. at 6; Reply at 5-6.

[32] FED. R. EVID. 402.

[33] *Id*. at 401.

6

by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[34]

Ms. York does not have personal knowledge of whether Plaintiff was strip searched. Ms. York will not be permitted to testify that Plaintiff was strip searched or that the strip search caused Plaintiff to have PTSD or other mental health diagnoses. But this does not mean that Ms. York's anticipated testimony and opinions are not relevant to the trial issues.

Ms. York is not permitted to vouch for Plaintiff, or to testify that she believes Plaintiff's version of the facts is truthful. But Ms. York can testify to her observations of Plaintiff during their therapy sessions. Ms. York can also testify regarding her communications with Plaintiff during their therapy sessions. Such testimony is generally not hearsay.[35] And, provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Ms. York may testify that the circumstances, as described to her by Plaintiff during their therapy sessions, are sufficient to meet the criteria for certain mental health diagnoses and lead to Ms. York's diagnoses of Plaintiff. This anticipated testimony and opinions are highly relevant to damages issues. Such testimony and opinions, subject to adequate foundations and otherwise being admissible under the Federal Rules of Evidence, may also be relevant to rebutting the testimony and opinions of Defendant's expert witness.

Defendant raises concern that Ms. York's testimony and opinions may cause unfair prejudice by causing the jury to give greater weight to Plaintiff's credibility, and creates a danger of misleading or confusing the jury regarding issues of causation.[36] But these concerns are nearly always risks when a non-retained treatment provider offers expert testimony regarding a

---

[34] *Id.* at 403.

[35] FED. R. EVID. 801(c), 803(3)-(4).

[36] Motion at 6; Reply at 5-6.

7

diagnosis. And they are limited and avoided through vigorous cross-examination, the presentation of contrary evidence, carefully crafted jury instructions, and appropriately targeted closing arguments. Defendant fails to present a sufficient basis why these precautions would not be adequate to avoid her concerns in this case. Indeed, Defendant's arguments regarding unfair prejudice are largely conclusory, lacking sufficient discussion and analysis.[37]

Considering the circumstances of this case, the probative value of Ms. York's anticipated testimony and opinions is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Ms. York's anticipated expert testimony and opinions are admissible at trial. This, however, does not preclude specific objection being raised at trial to specific questions posed to Ms. York.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[38] is DENIED. However, as necessary or appropriate based on what evidence and how such evidence is admitted at trial, specific objection may be raised at trial to specific questions posed to Ms. York.

Signed May 23, 2025.

BY THE COURT

_____
Ann Marie McIff-Allen
United States District Judge

---

[37] *Id.*

[38] Docket no. 221, filed Mar. 28, 2025.