THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE RE: DAMAGES**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff Allen |

Defendant seeks to preclude or limit at trial Plaintiff's ability to reference and introduce certain evidence relating to damages, arguing that Plaintiff failed to make required damages disclosures ("Motion").[1] Specifically, Defendant seeks:

- "an order precluding Plaintiff from requesting or recovering economic or special damages, and to prevent Plaintiff from requesting, suggesting, or otherwise indicating any specific dollar amounts, ranges, or methods of measuring general, special, or punitive damages, such as in opening [statements] or closing argument[;]"[2] and

- "an order prohibiting Plaintiff and her counsel from directly or indirectly introducing evidence of any amount of money or in support of a specific amount of money for the jury to award to her."[3]

IT IS HEREBY ORDERED that Defendant's Motion[4] is GRANTED in part and DENIED in part as follows:

In response to Defendant's Motion, Plaintiff indicates that she is no longer seeking compensatory damages in the form of economic or special damages, and that she is no longer

---

[1] Motion in Limine Re: Damages, docket no. 290, filed May 13, 2025.

[2] *Id*. at 1.

[3] *Id*.

[4] Docket no. 290, filed May 13, 2025.

seeking punitive damages.[5] Therefore, Defendant's Motion[6] is GRANTED in part. No evidence or argument will be allowed at trial regarding economic or special damages, or regarding punitive damages. And the jury will not be asked to consider an award of these types of damages in the verdict form.

Regarding compensatory damages in the form of general damages, Plaintiff indicates she intends to introduce evidence at trial regarding noneconomic damages for Plaintiff's emotional distress and pain and suffering.[7] Defendant argues Plaintiff has failed to previously plead, specify, or disclose the amount she will seek in damages, or any computation or specifical numerical basis therefore.[8] Plaintiff fails to offer any justification for not previously disclosing a specific amount of noneconomic general damages she intends to seek at trial. However, "[s]ince compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26[.]"[9]

---

[5] Plaintiff's Opposition to Defendant's Motion in Limine Re: Damages ("Response") at 1, docket no. 310, filed May 19, 2025.

[6] Docket no. 290, filed May 13, 2025.

[7] Response at 2-3.

[8] Motion at 2-4.

[9] *Roberts v. Tim Dahle Imports, Inc. District of Utah*, No. 2:18-cv-00288-JNP-DBP, 2022 WL 1787709, *1 (D. Utah Jun 1, 2022) (quoting *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000)); *see also Olsen v. Owners Ins. Co.*, No. 18-cv-1665, 2019 WL 2502201, *11 (D. Colo. June 17, 2019) ("Rule 26(a)(1)(A)(iii) does not require either a computation or total amount of garden-variety non-economic damages."); *Brower v. Sprouts Farmers Mkt., LLC*, No. 1:16-cv-1334, 2017 WL 3397374, *2 (D.N.M. Aug. 8, 2017) (relying on *Smith v. Ingersoll-Rand* to rule that Rule 26 does not require a plaintiff to disclose an exact dollar amount for noneconomic damages); *Isom v. Midwest Div. - OPRMC, LLC*, No. 13-2602-RDR, 2014 WL 3541842, *3 (D. Kan. July 17, 2014) ("[B]ecause emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii).") (citation omitted); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) ("[D]istrict courts have frequently denied motions to compel computations of emotional distress . . . damages because they are 'difficult to quantify' and are 'typically considered a fact issue for the jury.'" (quoting *Anderson v. United Parcel Serv. Inc.*, No. 09-2526, 2010 WL 4822564, *10, n.33 (D. Kan. Nov. 22, 2010) (collecting cases)).

The Court determines that no violation of the rules of pleading or the discovery rules occurred by Plaintiff's failure to disclose the amount she will seek in noneconomic general damages or any computation therefore, and that any such violation is harmless provided Plaintiff discloses the amount she seeks in advance of trial.[10]

Therefore, Defendant's Motion[11] is DENIED in part. Plaintiff is permitted to introduce evidence at trial regarding noneconomic general damages for Plaintiff's emotional distress and pain and suffering. However, no evidence will be permitted at trial, which indicates any specific dollar amounts, ranges, or method of measuring Plaintiff's noneconomic general damages. In closing argument, Plaintiff's counsel may indicate the amount Plaintiff seeks in noneconomic general damages. But because argument is inappropriate in the opening statement, Plaintiff's counsel is not permitted to make such an argument then. And Plaintiff's counsel may not indicate a specific dollar amount Plaintiff seeks in noneconomic general damages during the opening statement. Additionally, as a matter of pretrial transparency and preparation, the Court orders Plaintiff's counsel to indicate in writing to Defendant's counsel and the Court, by no later than noon on Thursday May 29, 2025, the amount Plaintiff's counsel intends to argue in closing argument that the jury should award Plaintiff in noneconomic general damages.

Signed May 27, 2025.

BY THE COURT

_____
Ann Marie McIff Allen
United States District Judge

---

[10] See *Roberts* and other cases cited above. *Supra* at 2 n.9; see also *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.").

[11] Docket no. 290, filed May 13, 2025.