THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>                    Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO EXCLUDE KENNON TUBBS, M.D. AS AN EXPERT WITNESS**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff Allen |

Plaintiff seeks to exclude or limit at trial the testimony of Defendant's expert, Dr. Kennon Tubbs ("Motion").[1] Dr. Tubbs is a licensed medical doctor and board-certified family practice physician with nearly 30 years of experience as a practicing physician, including numerous years as a physician at the Utah State Prison and various Utah jails.[2] Defendant designated Dr. Tubbs as a retained expert as follows:

> Dr. Tubbs' expertise will be in critiquing the testimony of the Plaintiff's experts and the Plaintiff as it relates to PTSD and all treatment of the Plaintiff as it relates in any way to her booking on January 6, 2020.[3]

Plaintiff argues that Dr. Tubbs opines on matters for which he was not designated as an expert.[4] Plaintiff also challenges Dr. Tubbs's qualifications as an expert and his methodology, and argues that his anticipated testimony and opinions include improper fact finding.[5]

---

[1] Motion to Exclude Kennon Tubbs, M.D. as an Expert Witness ("Motion"), docket no. 217, filed Mar. 28, 2025.

[2] *Id*. at 21-34 (Ex. 4 Expert Report of Kennon C. Tubbs, M.D., CCHP-P ("Tubbs Report") at Appendix I—Curriculum Vitae ("Tubbs CV")).

[3] Defendant's Expert Witnesses Disclosure at 2, docket no. 192, filed Feb. 13, 2025.

[4] Motion at 6-7.

[5] *Id*. at 7-11.

Dr. Tubbs is qualified as an expert and may offer relevant testimony and opinions critiquing Plaintiff and her experts' opinions regarding Plaintiff's medical and mental health treatment as it relates to her arrest and booking. Provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Dr. Tubbs may also offer relevant testimony and opinions regarding the medical standards of care for Plaintiff's arrest and booking at the Washington County Jail.

However, Dr. Tubbs's is precluded from offering testimony and opinions that the Washington County Jail's policies and procedures and Defendant's actions are consistent with correctional standards. Dr. Tubbs is also precluded from offering testimony and opinions regarding the qualifications of Plaintiff's experts and the reliability of their methods, which impermissibly invade the judge's exclusive role under Fed. R. Evid. 702. Dr. Tubbs is precluded from offering *ad hominem* opinions regarding Plaintiff and her experts. And Dr. Tubbs is precluded from offering testimony and opinions that invade the jury's exclusive role of sifting through and weighing the evidence and making credibility determinations.

Therefore, Plaintiff's Motion[6] is DENIED in part and GRANTED in part. And as necessary or appropriate based on what evidence and how such evidence is admitted at trial, specific objection may be raised at trial to specific questions posed to Dr. Tubbs.

## DISCUSSION

District courts are tasked with the responsibility of serving as the gatekeepers of expert evidence and must decide which experts may testify before the jury and the permissible scope of that testimony.[7] In making these determinations, the district court is given "broad latitude."[8] But

---

[6] Docket no. 217, filed Mar. 28, 2025.

[7] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[8] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

the district court must be mindful that the Federal Rules of Evidence generally favor the admissibility of expert testimony.[9] Excluding expert testimony is the exception rather than the rule.[10] "Vigorous cross-examination, the presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."[11] "[T]he [district] court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[12]

FED. R. EVID. 702 governs the admissibility of expert testimony. A two-step analysis is implemented to determine whether an expert's opinions are admissible under Rule 702.[13] First, is a determination of whether the expert is qualified by "knowledge, skill, experience, training, or education" to render the opinion.[14] And second, is a determination of whether the expert's opinions are "reliable."[15] Opinions for which an expert is not qualified to offer, or which are not reliable, must be excluded.

Additionally, Rule 702 requires that "the evidence or testimony [of an expert] '[help] the trier of fact to understand the evidence or to determine a fact in issue.'"[16] "This condition goes primarily to relevance."[17] Relevant evidence has any tendency to make a fact of consequence in determining a case more or less probable than it would be without the evidence.[18] Thus, "an

---

[9] *Daubert*, 509 U.S. at 588.

[10] FED. R. EVID. 702 Advisory Notes.

[11] *Daubert*, 509 U.S. at 596.

[12] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert*, 509 U.S. at 596).

[13] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[14] *Id.* (quoting FED. R. EVID. 702).

[15] *Id.*

[16] *Daubert*, 509 U.S. at 591 (quoting FED. R. EVID. 702).

[17] *Id.*

[18] FED. R. EVID. 401.

expert's testimony must provide insight and understanding about the facts and issues of the case."[19]

The helpfulness of testimony is not without constraint. The district court "must also consider . . . whether the expert['s opinions] encroach[] upon the trial court's authority to instruct the jury on the applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability."[20] "In no instance can a witness be permitted to define the law of the case."[21] Nor may a witness be "allowed to instruct the jury on how it should decide the case."[22] "[A]n expert is not to opine on the weight of the facts or take a principal role in sifting, weighing and reciting them for the jury."[23] Such impermissible testimony is not helpful under FED. R. EVID. 702.

### Dr. Tubb's testimony and opinions regarding correctional standards are beyond the scope of his expert designation and are not relevant

Defendant designated Dr. Tubbs to critique Plaintiff and her experts' opinions regarding medical and mental health treatment as it relates to Plaintiff's arrest and booking.[24] However, Dr. Tubbs's expert report includes opinions that the Washington County Jail's booking and release policies and procedures and Defendant's actions were consistent with correctional standards.[25] These opinions are not supported by any discussion or analysis in Dr. Tubbs's report. And they are beyond the scope of his expert designation for critiquing opinions relating to the medical and mental health treatment of Plaintiff.

---

[19] *Whatcott v. City of Provo*, No. 2:01-cv-00490-DB, 2003 WL 26101357, *2 (D. Utah June 2, 2003).

[20] *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

[21] *Id.* at 810.

[22] *Id.* at 808.

[23] *Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-cv-00708-DN-EJF, 2015 WL 4949097, *5 (D. Utah Aug. 19, 2015).

[24] Defendant's Expert Witnesses Disclosure at 2.

[25] Tubbs Report at 4, ¶¶ 1-2 at 7.

Additionally, opinions regarding the jail's policies and procedures and Defendant's actions being consistent with correctional standards do not make any fact of consequence at trial more or less probable. Plaintiff's only remaining claim is that Defendant conducted a strip search on Plaintiff in violation of Plaintiff's constitutional rights.[26] Plaintiff's claims relating to the Washington County Jail's policies and procedures have been dismissed with prejudice.[27] Whether the jail or Defendant followed correctional standards or the jail's policies and procedures is not at issue in the case or relevant to whether Plaintiff was unconstitutionally strip searched by Defendant.

Because Dr. Tubbs's testimony and opinions regarding correctional standards are beyond the scope of his expert designation and are not relevant to the trial issues, Dr. Tubbs is precluded from offering such testimony and opinions at trial. And even if Dr. Tubbs was designated to offer this expert testimony and opinions, and it had some relevance to the trial issues, its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.[28]

### Dr. Tubbs is qualified to offer expert testimony

Plaintiff argues Dr. Tubbs is not qualified to offer expert testimony because his specialization is in general medical care, not diagnosing trauma in women.[29] However, Plaintiff points to no authority to support this proposition, and there is nothing in the record to suggest that Dr. Tubbs lacks the requisite specialized knowledge, skill, experience, training, or education

---

[26] Memorandum Decision and Order Granting in part and Denying in part Washington County Defendants' [76] Motion for Summary Judgment at 17-24, 30, docket no. 155, filed June 3, 2024.

[27] *Id.* at 24-30.

[28] FED. R. EVID. 403.

[29] Motion at 7-11, Plaintiff's Reply in Support of Motion to Exclude Kennon Tubbs, M.D. as an Expert Witness ("Reply") at 4-6, docket no. 306, filed May 14, 2025.

to testify and opinion on Plaintiff's medical and mental health treatment as it relates to her arrest and booking. Dr. Tubbs is a licensed medical doctor and board-certified family practice physician with nearly 30 years of experience as a practicing physician, including numerous years as a physician at the Utah State Prison and various jails.[30] And his report and deposition testimony demonstrate his qualification for the expert testimony and opinion he is anticipated to offer.[31]

On this record, Defendant has sufficiently demonstrated that Dr. Tubbs is qualified to offer the expert testimony for which he is designated. Plaintiff's arguments challenging Dr. Tubbs's qualifications go to the weight of his testimony and opinions, not admissibility. These issues are properly the subject of cross-examination and the presentation of contrary evidence, and do not support exclusion of Dr. Tubbs as an expert witness at trial.

### Dr. Tubbs's anticipated testimony and opinions are reliable and admissible under Rule 702

To be admissible under FED. R. EVID. 702 expert testimony must be reliable.[32] To determine whether an expert's testimony is reliable requires "assess[ing] the reasoning and methodology underlying the expert's opinion."[33] The testimony must have "a reliable basis in the knowledge and experience of [the expert's] discipline."[34] It must be "based on sufficient facts or

---

[30] Tubbs CV.

[31] Tubbs Report; Deposition of Kennon Tubbs, M.D. ("Tubbs Depo."), docket no. 224, filed Mar. 31, 2025.

[32] FED. R. EVID. 702; *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[33] *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006) (internal quotations omitted).

[34] *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (internal quotations omitted).

data."[35] It must be "the product of reliable principles and methods."[36] And the expert must have "reliably applied the principles and methods to the facts of the case."[37]

Plaintiff argues Dr. Tubbs's methods and opinions are unreliable because he did not examine Plaintiff; he speculates on facts; he misinterprets the criteria for diagnosing PTSD; and he is biased against and dismissive of Plaintiff's version of the events and of women in general.[38] The majority of the issues Plaintiff raises regarding the reliability of Dr. Tubbs's testimony and opinions go to weight, not reliability or admissibility. And Dr. Tubbs's report and deposition testimony demonstrates that his anticipated expert testimony and opinions are the product of reliable principles and methods, which he reliably applied based on sufficient facts.

Dr. Tubbs's report and deposition testimony demonstrate that he obtained and reviewed sufficient information to critique Plaintiff's experts and Plaintiff regarding medical and mental health treatment as it relates to Plaintiff's arrest and booking.[39] Whether obtaining more information or personally examining Plaintiff would have been helpful to Dr. Tubbs's opinions are subjects for cross-examination. Dr. Tubbs could also rely on the information he was provided to form his opinions regarding Plaintiff's medical and mental health treatment. While some of the facts on which Dr. Tubbs's opinions are based are vigorously disputed by the parties, Plaintiff points to no evidence or legal authority requiring exclusion of his testimony and opinions regarding these facts. Dr. Tubbs's use of disputed facts to form his opinions that critique Plaintiff and her experts' opinions does not render his testimony and opinions unreliable.

---

[35] FED. R. EVID. 702(b).

[36] *Id.* at 702(c).

[37] *Id.* at 702(d).

[38] Motion at 7-11; Reply at 4-8.

[39] Tubbs Report at 1-3; Tubbs Depo. at 19:21-104:17.

Dr. Tubbs's report and deposition testimony also demonstrates that he applied specific criteria and sufficient facts to form his opinions that critique Plaintiff and her experts' opinions regarding Plaintiff's medical and mental health treatment.[40] Plaintiff and her experts may disagree with Dr. Tubbs's opinions, but that disagreement does not render Dr. Tubbs's opinions unreliable. This is an issue for cross-examination and the presentation of contrary evidence. Plaintiff's assertions of Dr. Tubbs being dismissive and biased are similarly issues going to the weight of Dr. Tubbs's testimony and opinions, not reliability or admissibility.

On this record, Defendant has demonstrated that Dr. Tubbs's anticipated testimony and opinions are sufficiently reliable for purposes of admissibility. Specifically, Dr. Tubbs may offer expert testimony and opinions critiquing Plaintiff and her experts' opinions regarding Plaintiff's medical and mental health treatment as it relates to her arrest and booking. And provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Dr. Tubbs may also offer relevant testimony and opinions regarding the medical standards of care for Plaintiff's arrest and booking at the Washington County Jail. Therefore, Dr. Tubbs's anticipated testimony on these matters is admissible under FED. R. EVID. 702. But this does not preclude specific objection being raised at trial to specific questions posed to Dr. Tubbs.

### Dr. Tubbs may not offer *ad hominem* opinions, or testimony and opinions that invade the exclusive roles of the judge and jury

Despite some of Dr. Tubbs's testimony and opinions being admissible under Rule 702,[41] Dr. Tubbs's report and deposition testimony include commentary and opinions regarding the qualifications, training, and personal habits of Plaintiff's experts. For example, Dr. Tubbs states in his report:

---

[40] Tubbs Report at 4-7; Tubbs Depo. at 19:21-104:17.

[41] *Supra* Discussion at 6-8.

- Elizabeth York offers "no specifics as to the methodology and inclusion criteria from the DSM5 supporting [Plaintiff's PTSD] diagnosis."[42]

- "A licensed counselor such as [Ms.] York is qualified to make the diagnosis of PTSD."[43]

- "[A]nesthesiologists [such as Dr. Scott Allen] are not well trained in mental health therapy and depression."[44]

- "In comparison to other physicians, anesthesiologists have a high rate of drug addiction. In his testimony, Dr. Allen admitted to receiving ketamine injections as well. Because of his profession and conflict of interest as an anesthesiologist, Dr. Allen should not participate in ketamine injections for himself even if administered by his staff or another provider in his clinic."[45]

- "[Ms.] York's testimony and CV state that she specialized in 'Personal injury PTDS services and comprehensive case analysis'. This type of clinical/legal work does not allow [Ms.] York to have a clinical detachment from [Plaintiff] allowing for objective understanding and providing objective clinical treatment. Since she is providing PTSD personal injury services it is likely that [Ms.] York diagnoses all her patients with PTSD and participates in their legal pursuits for reimbursement."

- "Dr. Allen self-treats himself with ketamine."

Dr. Tubbs is permitted to critique the opinions of Plaintiff and her experts regarding Plaintiff's medical and mental health treatment as it relates to her arrest and booking.[46] But the type of testimony and opinions in these examples improperly invade the judge's exclusive role in determining an expert's qualifications under FED. R. EVID. 702.[47] Dr. Tubbs speculation and *ad hominem* attacks regarding Plaintiff and her experts are likewise inappropriate, irrelevant, and substantially prejudicial. Dr. Tubb's testimony and opinions on these matters are not helpful

---

[42] Tubbs Report at 3.

[43] *Id.* at 5.

[44] *Id.* at 6.

[45] *Id.*

[46] *Supra* Discussion at 6-8.

[47] *Specht*, 853 F.2d at 807.

under FED. R. EVID. 702. And any probative value this testimony and opinions may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.[48] Therefore, Dr. Tubbs is precluded from offering this type of testimony and opinions regarding the qualifications of Plaintiff's experts and the reliability of their methods, which impermissibly invades the judge's exclusive role under Fed. R. Evid. 702.

Additionally, Dr. Tubbs's report and deposition testimony include commentary and opinions regarding the weight of certain evidence, as well as the motivations of Plaintiff and her experts. For example, Dr. Tubbs states in his report:

- "[Ms.] York did not offer testimony that supported any facts that a strip search was completed other than statements by [Plaintiff]."[49]

- "I have seen no evidence that a strip search was completed other than the testimony of [Plaintiff], who was intoxicated at the time."[50]

- "[Plaintiff's] arrest was clouded by intoxication. Her intoxication likely impaired her memory of the facts of the arrest and jail experience."[51]

- "[O]nce deposed and realizing that she was not diagnosed with PTSD, [Plaintiff] sought counseling from [Ms.] York. The choice of [Ms.] York is suspicious."[52]

- "[Plaintiff] simply used [Ms.] York as an expert witness in her case as is explained in [Ms.] York's CV."[53]

- "Ms. York exhibits secondary gain by diagnosis and testifying for [Plaintiff]."[54]

---

[48] FED. R. EVID. 403.

[49] Tubbs Report at 3.

[50] *Id*. at 4.

[51] *Id*. at 6.

[52] *Id*.

[53] *Id*. at 7.

[54] *Id*.

This type of testimony and opinions improperly invade the jury's exclusive role of sifting through and weighing the evidence and making credibility determinations. "Only evidence can establish proof, only the jury can find facts and decide issues . . . and only the attorneys in the case can argue about the meaning of the evidence."[55] Dr. Tubb's testimony and opinions on these matters are not helpful under FED. R. EVID. 702. And any probative value this testimony and opinions may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.[56] Therefore, Dr. Tubbs is precluded from offering this type of testimony and opinions that invade the jury's exclusive role of sifting through and weighing the evidence and making credibility determinations.

To be clear, this determination does not preclude Dr. Tubbs from offering testimony and opinions that involve certain disputed facts.[57] However, Dr. Tubbs does not have personal knowledge of whether Plaintiff was intoxicated or whether Plaintiff was strip searched. And Dr. Tubbs is not permitted to vouch for any witness or party, or to testify that he believes a witness or party's version of the facts is truthful or untruthful. Therefore, Dr. Tubbs will not be permitted to testify that Plaintiff was intoxicated or that she was not strip searched.

But Dr. Tubbs may testify and opine regarding the medical effects of alcohol use and intoxication on an individual; how an individual's alcohol use and intoxication affect or have implications in the proper diagnosis of medical and mental health conditions; and that if Plaintiff was intoxicated at the time of her arrest and booking, how her intoxication affects Plaintiff and her experts' opinions regarding Plaintiff's medical and mental health treatment as it relates to her arrest and booking. This anticipated testimony and opinions are highly relevant to damages

---

[55] *Rowe,* 2015 WL 4949097, *5.

[56] FED. R. EVID. 403.

[57] *Supra* Discussion at 6-8.

issues. And its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[58] This does not, however, preclude specific objection being raised at trial to specific questions posed to Dr. Tubbs.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[59] is DENIED in part and GRANTED in part. Dr. Tubbs may offer relevant testimony and opinions critiquing Plaintiff and her experts' opinions regarding Plaintiff's medical and mental health treatment as it relates to her arrest and booking. Provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Dr. Tubbs may also offer relevant testimony and opinions regarding the medical standards of care for Plaintiff's arrest and booking at the Washington County Jail.

However, Dr. Tubbs's is precluded from offering testimony and opinions that the Washington County Jail's policies and procedures and Defendant's actions are consistent with correctional standards. Dr. Tubbs is also precluded from offering testimony and opinions regarding the qualifications of Plaintiff's experts and the reliability of their methods, which impermissibly invade the judge's exclusive role under Fed. R. Evid. 702. Dr. Tubbs is precluded from offering *ad hominem* opinions regarding Plaintiff and her experts. And Dr. Tubbs is precluded from offering testimony and opinions that invade the jury's exclusive role of sifting through and weighing the evidence and making credibility determinations.

---

[58] FED. R. EVID. 403.

[59] Docket no. 217, filed Mar. 28, 2025.

As necessary or appropriate based on what evidence and how such evidence is admitted at trial, specific objection may be raised at trial to specific questions posed to Dr. Tubbs.

Signed May 27, 2025.

BY THE COURT

_____
Ann Marie McIff Allen
United States District Judge