THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>                     Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>                     Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF DR. SCOTT ALLEN**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff Allen |

Defendant seeks to exclude or limit at trial the testimony of Plaintiff's expert, Dr. Scott Allen ("Motion").[1] Dr. Allen is a licensed medical doctor with specialization in anesthesiology.[2] Plaintiff received multiple ketamine treatments at Dr. Allen's clinic, starting on October 5, 2020, and met with Dr. Allen during at least three of her visits to the clinic.[3] Plaintiff designated Dr. Allen as a non-retained treating expert as follows:

> Dr. Allen will testify and may have expert opinions regarding the nature of care, treatment, and/or prognosis regarding [Plaintiff]'s medical conditions, causation and/or damages. Dr. Allen may testify regarding [Plaintiff]'s mental and physical health. Dr. Allen will testify that the Incident has caused substantial mental and physical trauma, which have directly affected [Plaintiff]'s life, damaged her relationships with her family, and will require ongoing treatment.[4]

Plaintiff also designated Dr. Allen as a rebuttal expert as follows:

> Dr. Allen will testify that [Plaintiff]'s arrest and other circumstances surrounding the arrest were an extremely traumatic situation for [Plaintiff], which caused her

---

[1] Motion to Exclude or Limit the Testimony of Dr. Scott Allen and Memorandum in Support ("Motion"), docket no. 218, filed Mar. 28, 2025.

[2] Scott G. Allen, MD CV ("Allen CV"), docket no. 238-1, filed Apr. 11, 2025.

[3] Ketamine Infusion Records, docket no. 218-5, filed Mar. 28, 2025.

[4] Plaintiffs' Rule 26 Disclosure of Expert Witnesses (Updated) at 3, docket no. 178, filed Oct. 3, 2024.

significant psychological and emotional problems. Additionally, Dr. Allen will provide rebuttal testimony to Defendants' experts that may be called at trial.[5]

Defendant does not challenge Dr. Allen's qualifications as an expert. Rather, Defendant challenges the reliability of Dr. Allen's methods and opinions.[6] Defendant also argues that Dr. Allen's expert testimony is misleading and unfairly prejudicial.[7]

Dr. Allen is qualified as an expert and may offer relevant testimony at trial. However, it is necessary to limit the scope of his expert testimony and opinions to those matters for which reliability is sufficiently demonstrated. Dr. Allen may testify at trial regarding his communications with Plaintiff and her stated basis for seeking treatment at his clinic. He may also testify regarding his observations of Plaintiff's mental and physical health while she sought and received treatment at his clinic, and regarding the nature of care and treatment provided to Plaintiff at his clinic.

Provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Dr. Allen may testify about medical and mental health diagnoses generally, including offering opinion regarding the requisite experiences and symptoms for a patient to be diagnosed with post-traumatic stress disorder ("PTSD"). He may opine that Plaintiff exhibited symptoms that are consistent with anxiety, depression, or PTSD. And Dr. Allen may offer opinion regarding Plaintiff's need for future ketamine treatments generally.

However, Dr. Allen never made any specific medical or mental health diagnosis of Plaintiff. He may not testify or opine that Plaintiff has or suffers from any specific medical or mental health condition, including anxiety, depression, or PTSD. And he may not testify or opine

---

[5] Plaintiffs' Disclosure of Expert Rebuttal Witnesses at 2, docket no. 203, filed Feb. 27, 2025.

[6] Motion at 4-6.

[7] *Id.* at 6-7.

2

regarding the prognosis of any medical or mental health condition Plaintiff may have, or her need for future treatment for any such medical or mental health condition (except for future ketamine treatments he prescribes her generally, without opining about any medical or mental health condition Plaintiff may have). He also may not opine regarding the cause of any symptoms he observed in Plaintiff, or the cause of any medical or mental health conditions Plaintiff may have. Dr. Allen is specifically precluded from opining that Plaintiff's arrest or alleged strip search caused the symptoms he observed; that the arrest or alleged strip search caused substantial mental and physical trauma that affected Plaintiff's life and damaged Plaintiff's relationships with her family; or that the arrest or other circumstances surrounding the arrest and alleged strip search were an extremely traumatic situation for Plaintiff, which caused her significant psychological and emotional problems.

Therefore, Defendant's Motion[8] is DENIED in part and GRANTED in part. And as necessary or appropriate based on what evidence and how such evidence is admitted at trial, specific objection may be raised at trial to specific questions posed to Dr. Allen.

## DISCUSSION

District courts are tasked with the responsibility of serving as the gatekeepers of expert evidence and must decide which experts may testify before the jury and the permissible scope of that testimony.[9] In making these determinations, the district court is given "broad latitude."[10] But the district court must be mindful that the Federal Rules of Evidence generally favor the admissibility of expert testimony.[11] Excluding expert testimony is the exception rather than the

---

[8] Docket no. 218, filed Mar. 28, 2025.

[9] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[10] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

[11] *Daubert*, 509 U.S. at 588.

rule.[12] "Vigorous cross-examination, the presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."[13] "[T]he [district] court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[14]

FED. R. EVID. 702 governs the admissibility of expert testimony. A two-step analysis is implemented to determine whether an expert's opinions are admissible under Rule 702.[15] First, is a determination of whether the expert is qualified by "knowledge, skill, experience, training, or education" to render the opinion.[16] And second, is a determination of whether the expert's opinions are "reliable."[17] Opinions for which an expert is not qualified to offer, or which are not reliable, must be excluded.

### Dr. Allen is qualified to offer expert testimony

Defendant does not challenge Dr. Allen's qualifications to offer his anticipated expert testimony and opinions.[18] Indeed, there is nothing in the record to suggest that Dr. Allen lacks the requisite specialized knowledge, skill, experience, training, or education to provide treatment to Plaintiff or his anticipated expert testimony and opinions. Dr. Allen is a licensed medical doctor with specialization in anesthesiology.[19] And his deposition testimony demonstrates his

---

[12] FED. R. EVID. 702 Advisory Notes.

[13] *Daubert*, 509 U.S. at 596.

[14] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert*, 509 U.S. at 596).

[15] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[16] *Id*. (quoting FED. R. EVID. 702).

[17] *Id*.

[18] Motion; Reply in Support of Motion to Exclude or Limit the Testimony of Dr. Scott Allen ("Reply") at 5, docket no. 252, filed Apr. 25, 2025.

[19] Allen CV.

qualification for the expert testimony and opinion he is anticipated to offer.[20] On this record, Plaintiff has sufficiently demonstrated that Dr. Allen is qualified to offer the expert testimony for which he is designated.

### Plaintiff fails to demonstrate the reliability of Dr. Allen's testimony for some of the matters for which he was designated as an expert

To be admissible under FED. R. EVID. 702 expert testimony must be reliable.[21] To determine whether an expert's testimony is reliable requires "assess[ing] the reasoning and methodology underlying the expert's opinion."[22] The testimony must have "a reliable basis in the knowledge and experience of [the expert's] discipline."[23] It must be "based on sufficient facts or data."[24] It must be "the product of reliable principles and methods."[25] And the expert must have "reliably applied the principles and methods to the facts of the case."[26]

Defendant argues Dr. Allen's methods and opinions are unreliable because ketamine is not a widely accepted treatment in the medical community; Dr. Allen never diagnosed Plaintiff with any medical or mental health condition; Dr. Allen met with Plaintiff only limited number of treatment sessions and his understanding of Plaintiff's condition is based on a review of her ketamine treatment records; Dr. Allen is biased, because he has taken ketamine treatments.[27] The majority of the issues Defendant raises regarding Dr. Allen's testimony and opinions go to weight, not reliability or admissibility. And Dr. Allen's deposition testimony demonstrates that

---

[20] Deposition of Scott Allen, M.D. ("Allen Depo.") at 7:21-31:5, 35:20-36:16, 36:25-39:7, 40:4-46:15, 64:10-65:21, 71:9-72:23, 81:19-83:9, 88:23-89:13, docket no. 223-1, filed Mar. 31, 2025.

[21] FED. R. EVID. 702; *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[22] *United States v. Rodriquez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006) (internal quotations omitted).

[23] *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (internal quotations omitted).

[24] FED. R. EVID. 702(b).

[25] *Id*. at 702(c).

[26] *Id*. at 702(d).

[27] Motion at 4-7; Reply at 4-6.

much of his anticipated expert testimony and opinions are the product of reliable principles and methods, which he reliably applied based on sufficient facts.

Through his deposition testimony, Dr. Allen demonstrates that ketamine is a recognized treatment for certain medical and mental health conditions.[28] Indeed, Defendant's expert, Dr. Kennon Tubbs, noted in his report that despite his criticisms, ketamine can be used as an acceptable treatment for mental health conditions in certain circumstances.[29] Whether other types of treatments are more effective, and whether obtaining more information regarding Plaintiff's medical and mental health conditions and attempting other types of treatments on her before ketamine treatments would have been appropriate are subjects for cross-examination. Dr. Allen could also rely on information relayed to him by Plaintiff in treating her with ketamine, just as any medical or mental health provider relies on information given to them by their patients. While some of these facts are vigorously disputed by the parties, Defendant points to no evidence or legal authority requiring exclusion of a treatment provider's testimony because the provider relied on information offered by their patient. Dr. Allen's reliance on information Plaintiff provided does not render his testimony and opinions unreliable.

Dr. Allen's deposition testimony also demonstrates that he applied specific criteria and sufficient facts to opine that Plaintiff's has symptoms that are consistent with anxiety, depression, or PTSD.[30] Defendant's expert may disagree. But that disagreement does not render Dr. Allen's opinion unreliable. This is an issue for cross-examination and the presentation of

---

[28] Allen Depo. at 15:13-16:8; 17:16-20:20, 21:10-30:19, 41:5-42:9.

[29] Expert Report of Kennon Tubbs MD, CCHP-p ("Tubbs Report") ¶ 5 at 6, ¶¶ 7-8 at 6, docket no. 218-2, filed Mar. 28, 2025.

[30] Allen Depo. at 29:2-30:11, 64:10-64:21, 81:19-84:16, 89:23-91:5.

contrary evidence. Defendant's assertions of Dr. Allen's bias are similarly issues going to the weight of Dr. Allen's testimony and opinions, not reliability or admissibility.

On this record, Plaintiff has demonstrated that Dr. Allen's anticipated testimony and opinions on these matters are sufficiently reliable for purposes of admissibility. Therefore, Dr. Allen's anticipated testimony on these matters is admissible under FED. R. EVID. 702. But this does not preclude specific objection being raised at trial to specific questions posed to Dr. Allen.

However, Plaintiff's expert designation of Dr. Allen is much broader than the matters for which his reliability is sufficiently demonstrated. Dr. Allen never made any specific medical or mental health diagnosis of Plaintiff.[31] And nowhere in his deposition testimony does Dr. Allen provide a sufficient basis for diagnosing Plaintiff with any medical or mental health condition. At most, his deposition testimony demonstrates that he has sufficient information to opine that the symptoms he observed in Plaintiff are consistent with certain diagnoses.[32] Therefore, Plaintiff fails to demonstrate that Dr. Allen can reliably testify or opine that Plaintiff has or suffers from any specific medical or mental health diagnosis, including anxiety, depression, or PTSD. Plaintiff also fails to demonstrate that Dr. Allen can reliably testify or opine regarding the prognosis of any medical or mental health condition Plaintiff may have, or her need for future treatment for any such medical or mental health condition (except for future ketamine treatments he prescribes her generally).

Plaintiff's expert designation for Dr. Allen also includes issues of causation.[33] But Dr. Allen has no personal knowledge of Plaintiff's arrest and alleged strip search. And again, Dr.

---

[31] Ketamine Treatment Records; Allen Depo. at 94:21-95:17.

[32] Allen Depo. at 29:2-30:11, 64:10-64:21, 81:19-84:16, 89:23-91:5.

[33] Plaintiffs' Rule 26 Disclosure of Expert Witnesses (Updated) at 3; Plaintiffs' Disclosure of Expert Rebuttal Witnesses at 2

Allen never diagnoses Plaintiff with any medical or mental health condition.[34] He cannot reliably opine regarding the cause of any symptoms he observed in Plaintiff, or the cause of any medical or mental health diagnoses Plaintiff may have. Specifically, Dr. Allen cannot reliably opine that Plaintiff's arrest or alleged strip search caused the symptoms he observed; that the arrest or alleged strip search caused substantial mental and physical trauma that affected Plaintiff's life and damaged Plaintiff's relationships with her family; or that the arrest or other circumstances surrounding the arrest and alleged strip search were an extremely traumatic situation for Plaintiff, which caused her significant psychological and emotional problems.

On this record, Plaintiff fails to sufficiently demonstrate the reliability of Dr. Allen's expert testimony and opinions on these matters. Therefore, Dr. Allen is precluded at trial from testifying regarding these matters.

### Dr. Allen's anticipated testimony, as limited in scope, is relevant and admissible

Defendant argues that even if Dr. Allen's testimony and opinions satisfy FED. R. EVID. 702, they are not relevant because they will not help the jury determine whether Plaintiff was strip searched.[35] Defendant further argues that Dr. Allen's testimony and opinions must be excluded, even if relevant, because such testimony and opinions is unfairly prejudicial.[36]

FED. R. EVID. 402 provides generally that "[r]elevant evidence is admissible" at trial.[37] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[38]

---

[34] Ketamine Treatment Records; Allen Depo. at 94:21-95:17.

[35] Motion at 6-7; Reply at 2-6.

[36] Motion at 6-7; Reply at 2-6.

[37] FED. R. EVID. 402.

[38] *Id*. at 401.

8

However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[39]

Dr. Allen will not be permitted to testify that Plaintiff was strip searched or that the alleged strip search caused Plaintiff to have PTSD or any other medical or mental health diagnoses. And Dr. Allen is not permitted to vouch for Plaintiff, or to testify that he believes Plaintiff's version of the facts is truthful. But this does not mean that Dr. Allen's anticipated testimony and opinions are not relevant to the trial issues.

Dr. Allen can testify to his observations of Plaintiff during her ketamine treatments. Dr. Allen can also testify regarding his communications with Plaintiff during her ketamine treatments. Such testimony is generally not hearsay.[40] Additionally, provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Dr. Allen may testify about other matters, including:

- medical and mental health diagnoses generally, including offering opinion regarding the requisite experiences and symptoms for a patient to be diagnosed with PTSD;
- that during her ketamine treatments, Plaintiff exhibited symptoms that are consistent with anxiety, depression, or PTSD; and
- Plaintiff's need for future ketamine treatments generally.

This anticipated testimony and opinions are highly relevant to damages issues. Such testimony and opinions, subject to adequate foundations and otherwise being admissible under the Federal Rules of Evidence, may also be relevant to rebutting the testimony and opinions of Defendant's expert witness.

---

[39] *Id.* at 403.

[40] FED. R. EVID. 801(c), 803(3)-(4).

Defendant raises concern that Dr. Allen's testimony and opinions may cause unfair prejudice by causing the jury to give greater weight to Plaintiff's credibility, and creates a danger of misleading or confusing the jury regarding issues of causation.[41] But these concerns are nearly always risks when a non-retained treatment provider offers expert testimony regarding a patient's treatment. And they are limited and avoided through vigorous cross-examination, the presentation of contrary evidence, carefully crafted jury instructions, and appropriately targeted closing arguments. Defendant fails to present a sufficient basis why these precautions would not be adequate to avoid her concerns in this case. Indeed, Defendant's arguments regarding unfair prejudice are largely conclusory, lacking sufficient discussion and analysis.[42]

Considering the circumstances of this case, the probative value of Dr. Allen's anticipated testimony and opinions is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Therefore, subject to the limitations to the scope of his testimony and opinions discussed above,[43] Dr. Allen's anticipated expert testimony and opinions are admissible at trial. But this does not preclude specific objection being raised at trial to specific questions posed to Dr. Allen.

---

[41] Motion at 6-7; Reply at 2-6.

[42] Motion at 6-7; Reply at 2-6.

[43] *Supra* Discussion at 5-9.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[44] is DENIED in part and GRANTED in part. Dr. Allen may testify at trial regarding his communications with Plaintiff and her stated basis for seeking treatment at his clinic. He may also testify regarding his observations of Plaintiff's mental and physical health while she sought and received treatment at his clinic, and regarding the nature of care and treatment provided to Plaintiff at his clinic.

Provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Dr. Allen may testify about medical and mental health diagnoses generally, including offering opinion regarding the requisite experiences and symptoms for a patient to be diagnosed with PTSD; that Plaintiff exhibited symptoms that are consistent with anxiety, depression, or PTSD; and regarding Plaintiff's need for future ketamine treatments generally.

Dr. Allen may not testify or opine regarding the prognosis of any medical or mental health condition Plaintiff may have, or her need for future treatment for any such medical or mental health condition. He also may not opine regarding the cause of any symptoms he observed in Plaintiff, or the cause of any medical or mental health diagnoses Plaintiff may have (except for future ketamine treatments he prescribes her generally, without opining about any medical or mental health condition Plaintiff may have). And Dr. Allen is specifically precluded from opining that Plaintiff's arrest or alleged strip search caused the symptoms he observed; that the arrest or alleged strip search caused substantial mental and physical trauma that affected Plaintiff's life and damaged Plaintiff's relationships with her family; or that the arrest or other

---

[44] Docket no. 218, filed Mar. 28, 2025.

circumstances surrounding the arrest and alleged strip search were an extremely traumatic situation for Plaintiff, which caused her significant psychological and emotional problems.

Additionally, as necessary or appropriate based on what evidence and how such evidence is admitted at trial, specific objection may be raised at trial to specific questions posed to Dr, Allen.

Signed May 27, 2025.

BY THE COURT

_____
Ann Marie McIff Allen
United States District Judge

12