THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANYALE BLACKMORE,<br><br>                         Plaintiff,<br><br>v.<br><br>LA-NORMA RAMIREZ,<br><br>                         Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF ANNETTE B. CURTIS**<br><br>Case No. 4:21-cv-00026-AMA-PK<br><br>District Judge Ann Marie McIff Allen |

Defendant seeks to exclude or limit at trial the testimony of Plaintiff's rebuttal expert, Annette B. Curtis ("Motion").[1] Ms. Curtis is a Licensed Clinical Social Worker ("LCSW") with over 20 years of experience in treating women with sexual trauma and Post-Traumatic Stress Disorder ("PTSD").[2] Plaintiff designated Ms. Curtis as a retained rebuttal expert as follows:

> Ms. Curtis will provide testimony regarding the symptoms and diagnosis of [PTSD] in adult women. Briefly, the witness will testify that sexual trauma, such as a requirement to disrobe in front of unknown men, can be a cause of PTSD. She will testify, based on the record and her professional experience, that Danyale Blackmore presented each of the signs and symptoms of a significant PTSD condition. Additionally, Ms. Curtis will provide rebuttal to the testimony of Kennon Tubbs, M.D. regarding diagnosis of PTSD in sexually traumatized women.[3]

---

[1] Motion to Exclude or Limit the Testimony of Annette B. Curtis ("Motion"), docket no. 219, filed Mar. 28, 2025.

[2] Plaintiffs' Supplemental Disclosure of Expert Rebuttal Witness at 3-6 ("Curtis CV"), docket no. 208, filed Mar. 7, 2025.

[3] *Id*. at 1-2.

Defendant challenges Ms. Curtis's qualifications as an expert and the reliability of her methods and opinions.[4] Defendant also argues that Ms. Curtis's anticipated testimony is not relevant; will not help the jury understand the disputed trial issues; and is biased and prejudicial.[5]

Ms. Curtis is qualified to offer expert testimony. Her methods and opinions are sufficiently reliable, and her anticipated testimony is relevant and its probative value is not substantially outweighed by a risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. However, Ms. Curtis is precluded from offering testimony and opinions regarding the qualifications of Defendant's expert and the reliability of his methods, which impermissibly invade the judge's exclusive role under Fed. R. Evid. 702. Ms. Curtis is also precluded from offering *ad hominem* opinions regarding Defendant's expert, speculation regarding facts, and personal (as opposed to expert) opinions. And Ms. Curtis is precluded from offering testimony and opinions that invade the jury's exclusive role of sifting through and weighing the evidence and making credibility determinations.

Therefore, Defendant's Motion[6] is DENIED in part and GRANTED in part. And as necessary or appropriate based on what evidence and how such evidence is admitted at trial, specific objection may be raised at trial to specific questions posed to Ms. Curtis.

## DISCUSSION

District courts are tasked with the responsibility of serving as the gatekeepers of expert evidence and must decide which experts may testify before the jury and the permissible scope of

---

[4] Motion at 2-9; Reply in Support of Motion to Exclude or Limit the Testimony of Annette B. Curtis ("Reply") at 3-6, docket no. 255, filed Apr. 25, 2025; Supplement to Defendant's Motion to Exclude or Limit the Testimony of Annette B. Curtis ("Supplement") at 1-4, docket no. 377, filed May 27, 2025.

[5] Motion at 9-10; Reply at 2-6; Supplement at 4-5.

[6] Docket no. 219, filed Mar. 28, 2025.

2

that testimony.[7] In making these determinations, the district court is given "broad latitude."[8] But the district court must be mindful that the Federal Rules of Evidence generally favor the admissibility of expert testimony.[9] Excluding expert testimony is the exception rather than the rule.[10] "Vigorous cross-examination, the presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."[11] "[T]he [district] court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[12]

FED. R. EVID. 702 governs the admissibility of expert testimony. A two-step analysis is implemented to determine whether an expert's opinions are admissible under Rule 702.[13] First, is a determination of whether the expert is qualified by "knowledge, skill, experience, training, or education" to render the opinion.[14] And second, is a determination of whether the expert's opinions are "reliable."[15] Opinions for which an expert is not qualified to offer, or which are not reliable, must be excluded.

Additionally, Rule 702 requires that "the evidence or testimony [of an expert] '[help] the trier of fact to understand the evidence or to determine a fact in issue.'"[16] "This condition goes

---

[7] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[8] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

[9] *Daubert*, 509 U.S. at 588.

[10] FED. R. EVID. 702 Advisory Notes.

[11] *Daubert*, 509 U.S. at 596.

[12] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert*, 509 U.S. at 596).

[13] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[14] *Id*. (quoting FED. R. EVID. 702).

[15] *Id*.

[16] *Daubert*, 509 U.S. at 591 (quoting FED. R. EVID. 702).

primarily to relevance."[17] Relevant evidence has any tendency to make a fact of consequence in determining a case more or less probable than it would be without the evidence.[18] Thus, "an expert's testimony must provide insight and understanding about the facts and issues of the case."[19]

The helpfulness of testimony is not without constraint. The district court "must also consider . . . whether the expert['s opinions] encroach[] upon the trial court's authority to instruct the jury on the applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability."[20] "In no instance can a witness be permitted to define the law of the case."[21] Nor may a witness be "allowed to instruct the jury on how it should decide the case."[22] "[A]n expert is not to opine on the weight of the facts or take a principal role in sifting, weighing and reciting them for the jury."[23] Such impermissible testimony is not helpful under FED. R. EVID. 702.

### Ms. Curtis is qualified to offer expert testimony

Defendant argues Ms. Curtis is not qualified to offer expert testimony because a LCSW lacks the training, knowledge, and expertise to rebut the opinions of the medical doctor.[24] Defendant also argues Ms. Curtis is not qualified because she lacks experience working in a jail setting or with inmates.[25] However, Defendant points to no authority to support these

---

[17] *Id.*

[18] FED. R. EVID. 401.

[19] *Whatcott v. City of Provo*, No. 2:01-cv-00490-DB, 2003 WL 26101357, *2 (D. Utah June 2, 2003).

[20] *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

[21] *Id.* at 810.

[22] *Id.* at 808.

[23] *Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-cv-00708-DN-EJF, 2015 WL 4949097, *5 (D. Utah Aug. 19, 2015).

[24] Motion at 2-5; Reply at 3-6; Supplement at 2-3.

[25] Reply at 3-5; Supplement at 3-4.

propositions, and there is nothing in the record to suggest that Ms. Curtis lacks the requisite specialized knowledge, skill, experience, training, or education to testify and opine on the matter for which Plaintiff designated her as a rebuttal expert. Ms. Curtis is a LCSW with over 20 years of experience in treating women with sexual trauma and Post-Traumatic Stress Disorder ("PTSD").[26] And her report and deposition testimony demonstrate her qualification for the expert testimony and opinion she is anticipated to offer.[27]

On this record, Plaintiff has sufficiently demonstrated that Ms. Curtis is qualified to offer the expert testimony for which she is designated. Defendant's arguments challenging Ms. Curtis's qualifications go to the weight of her testimony and opinions, not admissibility. These issues are properly the subject of cross-examination and the presentation of contrary evidence, and do not support exclusion of Ms. Curtis as an expert witness at trial.

### Ms. Curtis's anticipated testimony and opinions are reliable and admissible under Rule 702

To be admissible under FED. R. EVID. 702 expert testimony must be reliable.[28] To determine whether an expert's testimony is reliable requires "assess[ing] the reasoning and methodology underlying the expert's opinion."[29] The testimony must have "a reliable basis in the knowledge and experience of [the expert's] discipline."[30] It must be "based on sufficient facts or

---

[26] Curtis CV.

[27] Rebuttal Expert Report of Annette B. Curtis ("Curtis Report") at 2, docket no. 219-2, filed Mar. 28, 2025; Expert Witness Deposition of Annette B. Curtis ("Curtis Depo.") at 9:24-51:11, docket no. 377-1, filed May 27, 2025.

[28] FED. R. EVID. 702; *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[29] *United States v. Rodriquez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006) (internal quotations omitted).

[30] *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (internal quotations omitted).

data."[31] It must be "the product of reliable principles and methods."[32] And the expert must have "reliably applied the principles and methods to the facts of the case."[33]

Defendant argues Ms. Curtis's methods and opinions are unreliable because she did not examine Plaintiff, but instead relies on a review of Plaintiff's medical records and the discovery relating to other expert witnesses in the case; she speculates on facts; and she is biased.[34] The majority of the issues Plaintiff raises regarding the reliability of Ms. Curtis's testimony and opinions go to weight, not reliability or admissibility. And Ms. Curtis's report and deposition testimony demonstrates that her anticipated expert testimony and opinions are the product of reliable principles and methods, which she reliably applied based on sufficient facts.

Ms. Curtis's report and deposition testimony demonstrate that she obtained and reviewed sufficient information to testify to and opine on the symptoms and diagnosis of PTSD in adult women and Plaintiff, and to critique the opinions of Defendant's experts.[35] Whether obtaining more information or personally examining Plaintiff would have been helpful to Ms. Curtis's opinions are subjects for cross-examination. Ms. Curtis could also rely on the information she was provided to form her opinions regarding Plaintiff's mental health diagnosis. While some of the facts on which Ms. Curtis's opinions are based are vigorously disputed by the parties, Defendant points to no evidence or legal authority requiring exclusion of her testimony and opinions regarding these facts. Ms. Curtis's use of disputed facts to form her opinions regarding

---

[31] FED. R. EVID. 702(b).

[32] *Id*. at 702(c).

[33] *Id*. at 702(d).

[34] Motion at 5-9; Reply at 3-5; Supplement at 4-5.

[35] Curtis Report at 2-5; Curtis Depo. at 54:2-175:5, 184:16-186:19.

Plaintiff's diagnosis and which critique the opinions of Defendant's expert does not render her testimony and opinions unreliable.

Ms. Curtis's report and deposition testimony also demonstrate that she applied specific criteria and sufficient facts to form her opinions.[36] Defendant and her expert may disagree with Ms. Curtis's opinions, but that disagreement does not render Ms. Curtis's opinions unreliable. This is an issue for cross-examination and the presentation of contrary evidence. Defendant's assertions of Ms. Curtis being biased are similarly issues going to the weight of Ms. Curtis's testimony and opinions, not reliability or admissibility.

On this record, Plaintiff has demonstrated that Ms. Curtis's anticipated testimony and opinions are sufficiently reliable for purposes of admissibility. Specifically, provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Ms. Curtis may offer expert testimony and opinions regarding the symptoms and diagnosis of PTSD in adult women. Ms. Curtis may also offer expert testimony and opinions regarding circumstances that may cause sexual trauma and PTSD. And Ms. Curtis may offer expert testimony and opinions critiquing the opinions of Defendant's expert.

Therefore, Ms. Curtis's anticipated testimony on these matters is admissible under FED. R. EVID. 702. But this does not preclude specific objection being raised at trial to specific questions posed to Ms. Curtis.

### Ms. Curtis may not offer *ad hominem* opinions, or testimony and opinions that invade the exclusive roles of the judge and jury

Despite some of Ms. Curtis's testimony and opinions being admissible under Rule 702,[37] Ms. Curtis's report and deposition testimony include improper commentary and opinions

---

[36] Curtis Report at 2-5; Curtis Depo. at 54:2-175:5, 184:16-186:19.

[37] *Supra* Discussion at 5-7.

regarding qualifications, training, and intent of Defendant's expert, and which are speculation and personal opinion, rather than expert opinion. For example, Ms. Curtis states in her report:

- "My initial observation is that Dr. Tubbs does not have *specific* training or qualifications to treat or work with women outside of the jail or prison environment, nor does he appear to have specifically worked with women who have experienced sexual trauma. His focus has been on those who are incarcerated for crimes they have committed. They may have had traumatic experiences in their lives, but he is not actively *treating* women who are trying to work through sexual trauma. He claims general training as a doctor, but that is not the type of specific training necessary to professionally treat cases of very difficult sexual trauma with women."[38]

- ". . . being watched by males who, as best I can tell from the record, did not serve any purpose in being there other than just to watch Ms. Blackmore undress.[39]

- "This demonstrates my concern regarding Dr. Tubbs'[s] lack of experience in treating women who are dealing with the effects of sexual trauma. He appears intent on minimizing . . . rather than trying to empathize . . . . He is, in effect, telling Ms. Blackmore that hers is not a valid traumatic experience, because she's an emotional woman."[40]

- "This statement from Dr. Tubbs is demeaning to women, especially to those who have been violated."[41]

- "Again, this demonstrates [Dr. Tubbs] lack of experience in treating sexually traumatized women outside the correctional setting."[42]

- ". . . women that seek out such treatment are very courageous."[43]

This type of testimony and opinions in these examples improperly invade the judge's exclusive role in determining an expert's qualifications under FED. R. EVID. 702.[44] Ms. Curtis's

---

[38] Curtis Report at 2.

[39] *Id*. at 3.

[40] *Id*.

[41] *Id*. at 4.

[42] *Id*.

[43] *Id*. at 5.

[44] *Specht*, 853 F.2d at 807.

speculation, *ad hominem* attacks regarding Defendant's expert, and personal (as opposed to expert) opinions are likewise inappropriate, irrelevant, and substantially prejudicial. Ms. Curtis's testimony and opinions on these matters are not helpful under FED. R. EVID. 702. And any probative value this testimony and opinions may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.[45] Therefore, Ms. Curtis is precluded from offering this type of commentary and opinions at trial, and the Court expects strict compliance by counsel and Ms. Curtis in this regard. However, Ms. Curtis is permitted to critique the opinions of Defendant's expert regarding Plaintiff's mental health diagnosis.[46]

Additionally, Ms. Curtis's deposition testimony includes commentary and opinions regarding matters for which she was not designated as an expert and has not demonstrated her qualifications. Ms. Curtis's deposition testimony also includes weighing of evidence and witness credibility. For example, Ms. Curtis testifies in her deposition that she believes Plaintiff suffered a traumatic event at the jail;[47] Plaintiff was strip searched in front of male deputies;[48] and Plaintiff was not intoxicated.[49]

This type of testimony and opinions improperly invade the jury's exclusive role of sifting through and weighing the evidence and making credibility determinations. "Only evidence can establish proof, only the jury can find facts and decide issues . . . and only the attorneys in the case can argue about the meaning of the evidence."[50] Ms. Curtis's testimony and opinions on these matters are not helpful under FED. R. EVID. 702. And any probative value this testimony

---

[45] FED. R. EVID. 403.

[46] *Supra* Discussion at 5-7.

[47] Curtis Depo. at 64:10-65:24.

[48] *Id*. at 64:10-65:24, 69:15-70:9, 81:1-17.

[49] *Id*. at 149:20-22.

[50] *Rowe,* 2015 WL 4949097, *5.

and opinions may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.[51] Therefore, Ms. Curtis is precluded from offering this type of testimony and opinions that invade the jury's exclusive role of sifting through and weighing the evidence and making credibility determinations.

To be clear, this determination does not preclude Ms. Curtis from offering testimony and opinions that involve certain disputed facts.[52] However, Curtis does not have personal knowledge of whether Plaintiff suffered a traumatic event at the jail, was strip searched in front of male deputies, or was not intoxicated. And Ms. Curtis is not permitted to vouch for any witness or party, or to testify that she believes a witness or party's version of the facts is truthful or untruthful. Therefore, Ms. Curtis will not be permitted to testify that Plaintiff suffered a traumatic event at the jail, was strip search in front of male deputies, or was not intoxicated.

But provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, Ms. Curtis may rebut the opinions of Defendant's expert regarding the medical effects of alcohol use and intoxication on an individual; how an individual's alcohol use and intoxication affect or have implications in the proper diagnosis of medical and mental health conditions; and that if Plaintiff was not intoxicated at the time of her arrest and booking, how that affects the opinions of Defendant's expert. This anticipated testimony and opinions are highly relevant to damages issues. And its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[53] This does not,

---

[51] FED. R. EVID. 403.

[52] *Supra* Discussion at 5-7.

[53] FED. R. EVID. 403.

however, preclude specific objection being raised at trial to specific questions posed to Ms. Curtis.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[54] is DENIED in part and GRANTED in part. Ms. Curtis may, provided adequate foundation and the testimony being otherwise admissible under the Federal Rules of Evidence, offer expert testimony and opinions regarding the symptoms and diagnosis of PTSD in adult women. Ms. Curtis may also offer expert testimony and opinions regarding circumstances that may cause sexual trauma and PTSD, within the bounds of her qualifications, and without inappropriate reference to the alleged facts of this case, about which she has no direct knowledge. And Ms. Curtis may offer expert testimony and opinions critiquing the opinions of Defendant's expert.

However, Ms. Curtis is precluded from offering testimony and opinions regarding the qualifications of Defendant's expert and the reliability of his methods, which impermissibly invade the judge's exclusive role under Fed. R. Evid. 702. Ms. Curtis is also precluded from offering *ad hominem* opinions regarding Defendant's expert, speculation regarding facts, and personal (as opposed to expert) opinions. And Ms. Curtis is precluded from offering testimony and opinions that invade the jury's exclusive role of sifting through and weighing the evidence and making credibility determinations.

---

[54] Docket no. 219, filed Mar. 28, 2025.

As necessary or appropriate based on what evidence and how such evidence is admitted at trial, specific objection may be raised at trial to specific questions posed to Ms. Curtis.

Signed June 3, 2025.

BY THE COURT

_____
Ann Marie McIff Allen
United States District Judge